JOHN GORDON, PLAINTIFF IN ERROR, *v.* JAMES LONGEST, DE-
FENDANT IN ERROR.

An action was instituted in the Circuit Court of Jefferson county, in the state of Ken
tucky, by a citizen of that state, under an act of the legislature of Kentucky, against
a citizen of the state of Pennsylvania, to recover damages, alleging the same in
the declaration to be one thousand dollars, for having taken on board of the steam-
boat Guyandotte, commanded by him, a slave belonging to the plaintiff, from the
shore of Indiana, on the voyage of the steamboat, proceeding up the Ohio river from
Louisville to Cincinnati. The act of the legislature of Kentucky subjects the mas-
ter of a steamboat to the penalties created by the law, who shall take on board the
steamboat under his command, a slave from the shore of the Ohio, opposite to Ken-
tucky, in the same manner as if he had been taken on board from the shores or
rivers within the state. On entering his appearance, the defendant claimed to
remove the cause to the Circuit Court of the United States for the district of Ken-
tucky, he being a citizen of Pennsylvania, and the plaintiff a citizen of Kentucky;
and offered to comply with the requisitions of the judiciary act of 1789. The Court
refused to allow the removal of the cause; deciding that it did not appear +~ ks satis-
faction that the damages exceeded five hundred dollars. The case went on to trial,
and the jury gave a verdict for the plaintiff for six hundred and fifty dollars; and on
a writ of error to the Court of Appeals of Kentucky, the judgment of the Circuit
Court on the verdict was affirmed. Before the Court of Appeals the plaintiff in
error excepted to the jurisdiction of the Court of Jefferson county, and also to the
constitutionality of the law of Kentucky on which the suit was founded. Held,
That the decision of the Court of Appeals was erroneous; and the judgment of that
Court was reversed.

It has often been decided that the sum in controversy in a suit, is the damages claimed
in the declaration. If the plaintiff shall recover less than five hundred dollars, it
cannot affect the jurisdiction of the Court; a greater sum having been claimed in
his writ. But in such case, the plaintiff does not recover his costs; and, at the dis-
cretion of the Court, he may be adjudged to pay costs.

The damages claimed by the plaintiff in his suit give jurisdiction to the Court; whether
it be an original suit in the Circuit Court of the United States, or brought there by
petition from a State Court.

The judge of the State Court to which an application is made for the removal of a
cause into a Court of the United States, must exercise a legal discretion as to the
right claimed to remove the cause. The defendant being entitled to a right to have
the cause removed under the law of the United States, on the facts of the case, the
judge of the State Court has no discretion to withhold that right.

The application to remove the cause having been made in proper form, and no objection
having been made to the facts on which it was founded, it was the duty of the State
Court "to proceed no further in the cause;" and every step subsequently taken in
the exercise of a jurisdiction in the case, whether in the same Court, or in the Court
of Appeals, was coram non judice.

One great object in the establishment of the Courts of the United States, and regulating

their jurisdiction, was to have a tribunal in each state, presumed to be free from local influence; and to which all who were nonresidents or aliens, might resort for legal redress. And this object would be defeated, if a state judge, in the exercise of his discretion, may deny to the party entitled to it, a removal of the cause.

IN error to the Court of Appeals of the state of Kentucky.

In the Jefferson Circuit Court of the state of Kentucky, James Longest, of the state of Kentucky, instituted an action against John Gordon, to recover the value of a certain slave belonging to him, which John Gordon, who was commander of the steamboat Guyandotte, then proceeding from Louisville up the Ohio river to Cincinnati, was alleged to have taken on board the Guyandotte from the Indiana shore or side of the Ohio, as a passenger to Cincinnati.

John Gordon was a citizen of the state of Pennsylvania; and, proceeding according to the provisions of the judiciary act of 1789, he claimed before the Circuit Court of Jefferson county, to remove the cause to the Circuit Court of the United States, for the district of Kentucky.

The declaration filed in the case, in the Jefferson Circuit Court, claimed damages in one thousand dollars.

The Circuit Court decided that it did not appear that the amount in controversy in the suit exceeded five hundred dollars, exclusive of costs; and refused to allow the removal of the cause to the Circuit Court of the United States.

The case came on for trial on the 21st day of March, 1838; and a jury gave a verdict for the plaintiff, for six hundred and fifty dollars, on which judgment was entered for the plaintiff.

On the trial, the defendant asked the Court to instruct the jury,

1. That so much of the act entitled " an act to amend an act to prevent masters of vessels and others from employing and removing persons of colour from this state, approved February 12th, 1828, as is in the following words, to wit: " Be it further enacted that the liabilities under the said act shall accrue whenever the person of colour shall be taken on board any steam vessel, from the shore of the Ohio river opposite the state, to the same extent as if they were taken on board from the shores or rivers within the state," is not within the constitutional power of the legislature

[Gordon v. Longest.]

of the state of Kentucky, under the Constitution of the United States."

2. That under the Constitution and laws of the United States, a steamboat-captain navigating the Ohio river, is not guilty of a breach of duty, by taking persons of colour from the Indiana shore, and transporting them in their steamboats; provided such captain shall, in good faith, believe such persons of colour are free; and that the act of the Kentucky legislature, if to the contrary, is unconstitutional and void.

3. If the jury believe from the evidence, that the negro was taken from the Indiana shore by the plaintiff in good faith, believing him to be free, and that he was taken by the plaintiff as a passenger in the navigation of his boat; that in such case the jury ought to find for the defendant the issue in the case.

4. That although persons of colour in Kentucky are in law presumed to be slaves, they are in Indiana presumed, primâ facie, to be free; and if the plaintiff took the slave from the Indiana shore in good faith, and under the belief that he was free, and that he was taken by the defendant as a passenger, in the navigation of the said boat; that in such case the jury ought to find for the defendant.

5. That if the defendant was a citizen of the state of Ohio, residing there, and the steamboat Guyandotte, of which he was commander, did belong to the port of Cincinnati in said state; and the negro Jim did come on board said boat at the Indiana shore of the Ohio river, and the said Gordon acted in good faith, and did not know that the said negro Jim was a slave, that then he is not liable to pay damages to the plaintiff, for having permitted the said slave to come on board the boat, and having taken him on board said boat to Cincinnati, in the state of Ohio.

6. That if the jury believe from the evidence, that the slave Jim was taken on board the Guyandotte from the state of Indiana, the plaintiff cannot recover in this action.

7. If the jury believe from the evidence, that the defendant in the navigation of his boat took the slave in the declaration mentioned from the Indiana shore, believing him to be free, and that slave was at the time a runaway slave of plaintiff, in that case they find for defendant.

8. That to enable the plaintiff to recover in this action, the jury must believe that the defendant took plaintiff's slave from Louisville, or from the Kentucky shore.

The Court refused to give those instructions.

On the motion of the counsel for the plaintiff, the Court instructed the jury, that if they find from the evidence, that the defendant was captain of the steamboat Guyandotte, put out his yawl when opposite to Jeffersonville, in the state of Indiana, took the plaintiff's negro on board, and carried him to Cincinnati, in the state of Ohio, and that he was lost to the plaintiff, the defendant is liable in this action; and they ought to find for the plaintiff all the damages he has sustained.

To which opinions of the Court, in refusing to give the instructions asked, and in giving the instructions for the plaintiff, the defendant excepted; and he prayed an appeal to the Court of Appeals of the state of Kentucky.

Before the Court of Appeals, the appellant assigned for error, among others, the following:

1. The Court erred in refusing to remove this cause to the Federal Court, upon the petition of the appellant, filed on his first entering his appearance to the suit. The appellant claims that he had a right to a trial in the United States Court, and that the whole proceedings in this cause, subsequent to the application to remove, are against law.

2. The Circuit Court erred in each and every instruction given on the trial, at the instance of the plaintiff.

3. The Court erred in refusing to give each and every instruction asked by the appellant, Gordon, on the last trial.

4. The Circuit Court has, in violation of the Constitution of the United States and of an act of Congress, clung to a jurisdiction that did not rightfully belong to a State Court, and, on the trial of the cause, given instructions in violation of the Constitution of the United States, and the appellant relies upon each and every article of the Constitution of the United States for a reversal.

The Court of Appeals affirmed the judgment of the Circuit Court, and the plaintiff in that Court prosecuted this writ of error.

[Gordon v. Longest.]

The case was argued by Mr. Crittenden, for the plaintiff in error. Mr. Benton appeared for the defendant.

The opinion of the Court was given on the first exception to the decision of the Court of Appeals of the state of Kentucky; and on no other question in this case. The argument of the counsel for the plaintiff in error, on the other exceptions, is, therefore, omitted.

Mr. Crittenden contended that, by the eleventh and twelfth sections of the judiciary act of 1789, the plaintiff in error had a right to a trial before a Court of the United States. The statute gives the right to remove a cause from a State Court to a Federal Court, if the defendant is a citizen of another state from that in which the suit may be brought; when the value in controversy exceeds five hundred dollars.

The plaintiff's declaration claims damages to the amount of one thousand dollars; and the verdict was for six hundred and fifty dollars.

The act of Congress says, that when it shall appear to the satisfaction of the Court that the sum or value in controversy exceeds five hundred dollars, the cause may be removed to the Circuit Court; if the question of the amount in controversy is left to the decision of the Court exclusively, there is an end of the case for the plaintiff in error. But if it was to be settled on evidence satisfactory to the judicial eye, here was that evidence, ample and sufficient to satisfy the judge.

The damages laid in the declaration, showed the claim of the plaintiff to be one thousand dollars. This was conclusive in favour of the plaintiff in error.

Mr. Justice M'LEAN delivered the opinion of the Court.

This is a writ of error to the Court of Appeals of the state of Kentucky, under the twenty-fifth section of the judiciary act of 1789.

An action was commenced in the Circuit Court of Kentucky by the defendant in error, against the plaintiff, to recover the value of a certain slave which the defendant took on board a steamboat, at Louisville, of which he was master, as a passenger; and conveyed him out of the state, in violation of the statutes of Kentucky.

I 2

By an act of the Kentucky legislature of 1824, to prevent the escape and removal of slaves, the masters of vessels, &c., receiving slaves on board and removing them from that state, were made liable to the owners of such slaves for any loss they might sustain thereby.  And by a subsequent act of 1828, it was enacted that the liabilities under the first act "shall accrue whenever the persons of colour shall be taken on board any steam vessel from the shores of the Ohio river, opposite the state, to the same extent as if they were taken on board from the shores or rivers within the state."

On entering his appearance, the defendant filed his petition to remove the cause to the Circuit Court of the United States, for the district of Kentucky, on the ground that he was a citizen of Pennsylvania, and the plaintiff a citizen of Kentucky: and the defendant offered to give bond and security according to law. The citizenship of the parties, as alleged, was admitted; but the plaintiff objected to the removal, and the Court decided it did not appear to its satisfaction that the amount in controversy exceeded five hundred dollars, exclusive of costs, and on that ground refused the prayer of the petition.

After the rejection of his petition, the defendant pleaded not guilty ; and a jury, being called and sworn, found the defendant guilty, and assessed the plaintiff's damages at four hundred and twenty dollars, on which verdict a judgment was entered.

During the trial several exceptions were taken to the rulings of the Court, which it is not necessary now particularly to notice. On these exceptions a writ of error was taken to the Court of Appeals.  Several errors were assigned in that Court, on which a reversal of the judgment of the Circuit Court was prayed. Among others, was one that the Court erred in overruling the application to remove the cause to the Circuit Court of the United States.

The Court of Appeals reversed the judgment on the ground that the plaintiff was only entitled to recover the damages he had actually sustained by the act of the defendant, which was not in accordance with the instruction to the jury by the Circuit Court.

The cause was remanded to the Court below for further proceedings.  A jury being again called to try the cause, found the

defendant guilty, and assessed the plaintiff's damages at six hundred and fifty dollars.    Judgment was entered upon this verdict, and the cause was again removed to the Court of Appeals, by a writ of error, on certain exceptions taken at the trial.

Among the other errors again assigned in the Court of Appeals, was the refusal, by the Circuit Court, to permit the cause to be removed to the Circuit Court of the United States.

The Court of Appeals affirmed the judgment; and the cause is now brought here, by a writ of error, from that Court.

It is unnecessary to notice the other questions raised by the exceptions, as the judgment of this Court must turn upon the overruling, by the State Court, of the application of the defendant for the removal of the cause to the Federal Court.

In their opinion the Court of Appeals did not notice this point, although it was assigned for error on each of the writs of error which were prosecuted before that Court.

The twelfth section of the judiciary act of 1789, provides "that, if a suit be commenced in any State Court against an alien, or, by a citizen of the state, is brought against a citizen of another state, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the Court, and the defendant shall, at the time of entering his appearance in such State Court, file a petition for the removal of the cause for trial into the next Circuit Court, to be held in the district where the suit is pending; and offer good and sufficient surety for his entering in such Court on the first day of its session, copies of said process against him, and also for his then appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the State Court to accept the surety, and proceed no further in the cause."

In the declaration, the plaintiff laid his damages at the sum of one thousand dollars, and this was the amount named in the writ.

Under the above section it must be made to appear to the satisfaction of the State Court that the defendant is an alien, or a citizen of some other state than that in which suit is brought; and that the matter in controversy, exclusive of costs, exceeds the sum of five hundred dollars.

It being admitted on the record, that the defendant was a citizen of Pennsylvania, and the plaintiff a citizen of Kentucky, the only question before the Court was the amount in dispute. The damages claimed in the writ and declaration were, unquestionably, the sum in controversy. This is not an open question. It has been often decided, that if the plaintiff shall recover less than five hundred dollars, it cannot affect the jurisdiction of the Court; a greater sum being claimed in his writ. But in such case the plaintiff does not recover his costs; and, at the discretion of the Court, he may be adjudged to pay costs.

The damages claimed by the plaintiff in his writ, gives jurisdiction to the Court, whether it be an original suit in the Circuit Court of the United States, or brought here by petition from a State Court. From the decision of the state judge, he seemed to consider the application for the removal of the cause as a matter to be decided by his discretion. But he must exercise a legal discretion. The defendant was entitled to a right under the law of the United States; and, on the facts of the case, the judge had no discretion to withhold that right. No objection can be made to the form of the application, nor to the facts on which it was founded. This being clear, in the language of the above act, it was the duty of the State Court " to proceed no further in the cause." And every step subsequently taken, in the exercise of a jurisdiction in the case, whether in the same Court or in the Court of Appeals, was coram non judice.

This is the first instance known to us, in which a State Court has refused to a party a right to remove his cause to the Circuit Court of the United States. And it is impossible to conceive of a case, in which the right of removal could be more unquestionable than in this case.

One great object in the establishment of the Courts of the United States and regulating their jurisdiction was, to have a tribunal in each state, presumed to be free from local influence; and to which all who were nonresidents or aliens might resort for legal redress. But this object would be defeated, if a state judge, in the exercise of his discretion, may deny, to the party entitled to it, a removal of his cause.

A more summary remedy might have been pursued by the defendant than the one which this Court can now give to him.

[Gordon *v.* Longest.]

But the cause being brought before us, through the Supreme Court of the state, we reverse the judgment of affirmance by that Court, and direct the cause to be remanded, with instructions that it shall be transmitted to the Circuit Court of the state; which shall be directed to enter an allowance of the petition of the defendant for the removal of the cause to the Circuit Court of the United States for the district of Kentucky, nunc pro tunc.