## SUPREME COURT.

LIVERMORE and others agt. JENKS and others.

Where an order is properly made, removing a cause from this court into the supreme court of the United States, it has passed the stage when this court can act or take any proceeding in it.

A *vacating* of the order removing it could not empower this court to proceed with it, or revest it with jurisdiction over the case in any form. There is an entire want of *legal discretion* on the part of this court to retain the case longer.

*New-York Special Term, June*, 1855.

MOTION on behalf of the plaintiff, Livermore, to vacate an order heretofore made, removing this cause into the supreme court of the United States.

—— —— *for motion.*
—— —— *opposed.*

COWLES, Justice. This case seems in all respects to have been one capable of removal, on the defendant's motion, into the federal courts.

The plaintiff is a resident of this state, and all the defendants, except Harris, of Rhode Island. As to Harris, although nominal as a party defendant, yet no relief is asked as to him, and therefore he cannot be regarded as a party, so as to obstruct its removal into the United States' courts within the meaning of the act of 1789.

The case being one which seems properly so removable, it becomes the *right* of the defendants to institute their proceedings to effect that object, and over the exercise of that right the state courts can have no cóntrol, further than to see that the facts warranting such removal sufficiently appear, and that the proper papers are filed.

When the proper papers are presented, the state court has

not the *legal discretion* to refuse an order removing the cause. (*Gordon* agt. *Longest*, 16 *Peters*, 97.) And if this court should proceed in the action after the presentation of the petition, and the taking of the other steps requisite to a removal of the case into the federal courts, such proceedings would be *coram non judice.* Every order made by the state court would be a nullity; and that, too, even though the state court had by order made, refused to allow the case to be sent to the federal court. (*Act* 1789, § 12; 16 *Peters' Rep., above cited; Kanouse* agt. *Martin,* 15 *How. U. S. R.* 198.)

I cannot see how, under the above adjudications, the plaintiff here can, in any way, be benefited by a vacatur of the order. The defendants have filed the proper papers, and given the proper security, for the removal of the cause to the United. States' court.

Having done so, any order subsequently made, or any step subsequently taken in the suit in the state court, would be *coram non judice.*

An order to amend, if granted, could be of no avail, and the error so committed by the state court would be disregarded, or set aside as error, by the United States' court.

But it is sufficient, without discussing the consequences of an attempt by the state court to retain jurisdiction, to say, that there is an entire want of *legal discretion* on the part of this court to retain the case longer. It has passed the stage when this court can act or take any proceeding in it. A vacating of the order, removing it, could not empower this court to proceed with it, or revest it with jurisdiction over the case in any form.

The motion to vacate the order, removing the cause to the United States' court, must, therefore, be denied, but without costs to either party.