CASE 20—PETITION ORDINARY—OCTOBER 9.

# Edwards, T., vs. Ward.

# Craig, H. H., vs. Same.

# Miller, A. J., vs. Same.

# Martin, W. T., vs. Same,

# Miller, C., vs. Same.

# Edwards, T. L., vs. Same.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. When a defendant presented to the State court a case in which he had a right of transfer to the United States courts, the State courts should proceed no further in the case. (*Gorden vs. Longest*, 16 *Peters*, 101.)

2. When the defendant, by his petition for a transfer to the United States court, disclosed the fact that his defense will involve the legal powers of the President of the United States under the Constitution, and questions arising out of the acts of Congress, as well as the constitutionality of such acts, the transfer should be made.

J. B. BECK,                                    For Appellants,

CITED—

*Sec.* 5, *Act of Congress March* 3, 1863, 12*th vol. U. S. Stat., p.* 756.

*Judiciary Act of Congress of* 1789.

1 *Met.*, 373 ; *Commonwealth vs. Payne.*

*Act of February* 17, 1866, *Myers' Sup.*, 724.

17 *B. M.*, 176 ; *Henderson and Nashville Railroad Company vs. Dickerson.*

*Sec.* 886, *Civil Code.*

JOHN B. HUSTON,                                                    For Appellee,
CITED—

*Act 3d of March*, 1863, *U. S. Congress.*

*Act of Ky. Legislature of February* 16, 1866, *Session Acts* 1865, *p.* 54.

*Brightley's Digest, vol.* 1, *p.* 129, *Act of Congress of March* 2, 1833.

23 *Vermont*, 135; *Wood vs. Wall.*

14 *Peters*, 102; *Gorden vs. Longest.*

4 *Dallas*, 8; *Turner vs. Bk. N. A.*

2 *Brightley*, 198.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The supreme court of the United States in *Osborn vs. Bank of the United States*, 9 *Wheaton*, 747, or 5 *Peters' Condensed Reports*, 747, held, that under the United States Constitution, Congress might confer upon the Federal courts the right to adjudicate any question arising under the United States Constitution or laws enacted by Congress.

And in the case of *Gorden vs. Longest*, 16 *Peters*, 101, on appeal from this court, the supreme court held, that when a defendant presented to the State court a case in which he had a right of transfer to the United States courts, that the State courts should proceed no further in the case.

According to the defendant's petition, the legal powers of the President of the United States under the Constitution, and questions arising out of certain acts of Congress, are involved, as well perhaps as the constitutionality of such acts, which questions are now cognizable in the circuit courts of the United States by virtue of the several acts of Congress relative thereto. And as we recognize those decisions as binding authority, we think the court below properly ordered the transfer of the causes

to the circuit court of the United States to be held for the district of Kentucky upon appellee's petition.

The questions to be adjudicated may give jurisdiction to the United States courts as well as the character of the parties; and as said court has taken jurisdiction of the causes, and is now proceeding to final trial, as has been made known to us by proper plea and a transcript of the records in these cases from said court, we think the State courts should cease further proceedings therein.

Wherefore, the orders transferring the causes to the United States court are affirmed.