## JAMES BUTTERFIELD

### *vs.*

## THE HOME INSURANCE COMPANY.

In an action embraced in *Sec.* 12 of the Act of Congress entitled "An Act to establish the Judicial Courts of the United States" approved September 24th, 1789, the defendant upon complying with the provisions of that section is entitled to a removal of the action from the State Court to the Circuit Court of the United States.

*Section* 12 of the Act of Congress above referred to is not repealed or changed by the Act entitled "An Act for the removal of causes in certain cases from State Courts" approved July 27, 1866, nor by the Act amending the latter Act, approved March 2, 1867.

Butterfield v. The Home Insurance Company.

This action was commenced in the Court of Common Pleas for Ramsey county. The complaint alleges that the defendant is a corporation, created under the laws of the State of New York, and for more than one year has been engaged in business in this State as a fire insurance company, duly authorized by the laws of this State ; that on the 12th day of April, 1867, the defendant made its policy of insurance, and insured the plaintiff against loss by fire upon his stock of goods and building to the amount of $1,000 ; the renewal of such policy ; that such goods and building were destroyed by fire, January 26th, 1869, and the service of notice, and the proofs of fire and loss, and demands judgment for $1,000, with interest and costs.

At the time of entering its appearance, the defendant filed a petition for removal of the cause for trial into the next Circuit Court of the United States, to be held in the district where said cause is pending, and offered good and sufficient surety for its appearance, &c., according to the act of Congress in such case provided, setting forth in their said petition, that the matter in dispute in said action exceeded the sum of $500, exclusive of costs ; that the plaintiff was a citizen of the State of Minnesota : that the defendant was a corporation, incorporated, existing under the laws of, and a citizen of the State of New York. And thereupon the said plaintiff was ordered by the judge of said court to show cause before said court why the prayer of said petition should not be granted. The petition came on for hearing, was duly argued and submitted to the court, and was denied ; and this cause comes to this court upon appeal by defendant from the order of said court denying said petition.

Lampreys for Appellant.

I.—The defendants fully complied with the provisions of

the act of Congress providing for the removal of suits from a State court to the United States Court, and were entitled to the order prayed for in their petition for the removal of said cause. 1 *U. S. Statutes at Large, p.* 79, *Sec.* 12; *Conkling's Treatise, p.* 124.

II.—A corporation created by, and doing business in a particular State, is to be deemed to all intents and purposes as a person, although an artificial person, an inhabitant of the same State for the purposes of its incorporation, capable of being treated as a citizen of that State as much as a natural person. It is a citizen of the State which created it. 2 *Howard U. S. Sup. C. Rep.*, 497 ; 18 *Ib.*, 404 ; 16 *Ib.*, 314 ; 20 *Ib.*, 227 ; 6 *Curtis, U. S.*, 638 ; 3 *Story*, 1 *Circt.*, 76 ; 10 *How. Pr.*, 40.

III.—A corporation is a citizen within the meaning of section 12 of the judiciary act, authorizing the removal of causes. 2*d Circ.* (*N. Y.*) 1862, *Barney vs. Globe Bank ;* 2 *Am. Law Rg., N. S.*, 221 ; 4 *Abb. Nat. Dig., p.* 73, *sec.* 9.

IV.—An application for the removal of a cause from a State to a Federal Court, in a case within the provisions of the act of Congress is a right, and is not addressed to the mere discretion of the State Court.

V.—The Judiciary of 1789 is in no way affected by the act of 1866, 14 *Stat. at Large*, 306 ; or the act of 1867, 14 *Stat. at Large*, 558 ; for the acts of 1789 and 1866, are in no way repugnant to each other, nor are the acts of 1789 and 1867.

VI.—The act of 1789 is in no way referred to by the act of 1866 or the act of 1867, and the repeal of a statute by implication is not favored. One act of the legislature is held to repeal another by implication, only in cases of very strong repugnancy, or inconsistency ; unless the latter statute is manifestly inconsistent with, and repugnant to, the

former, both remain in force.  Courts are bound to uphold the prior law if the two may subsist together.  *Sedg. on Stat. and Con. Law, pages* 127 & 128; 5 *Hill*, 221;  6 *W. & S.*, 209;  10 *Barr.*, 442; 21 *Penn.*, 37;  2 *Barb.*, *S. C.*, 316;  6 *Cushing*, 465.

H. H. FINLEY for Respondent.

I.—The only act of Congress under which application can be made for the removal of causes from the State Courts to the U. S. Circuit Court is the act of 1789.  *U. S. Statutes at Large*, 79, *Sec*. 12, *as amended.*

II.—The *act of* 1789, *Sec.* 12, *p.* 79, 1 *Statutes at Large*, was amended in distinct terms, by *Chapter* 288, 14*th Statutes at Large, pp,* 306, 307, and  again amended, *Chap.* 196, 14*th U. S. Statutes at Large, pp.* 558, 559.

III.—The law of 1867, *Ch.* 196, 14*th Statutes at Large*, 555, entirely changes the provisions and requirements of the original law of 1789, and is inconsistent with it, hence the later law must prevail over the former one.  *Sedgwick on Stat. and Con. Law, p.* 124 ; *Brown et al. vs. Liase*, 5 *Hill*, 221.

IV.—The affidavit of the defendant's attorney in the court below, upon which is based the petition for the removal of the cause into the Circuit Court of the United States, does not state facts as required by the law to entitle them to the removal.

V.—The affidavit of Uri L. Lamprey is relied upon to justify the order to remove the cause to the U. S. Circuit Court.

It is in no sense the affidavit of the *defendant* which is required by the *law of* 1867, *ch.* 195.  The affidavit must show affirmatively that the defendant " has reason to and

does believe that from prejudice or local influence he will not be able to obtain justice in the State Court" in which the cause is pending.

VI.—Corporations from their very nature are not contemplated by the act.

The affidavit required is such an one as no corporation could make ; the law requires a *party* to the action to make the affidavit; neither the attorney or an officer of the corporation could make the required affidavit; for although either the officer of the corporation or the attorney might individually believe the contents of the affidavit, it does not constitute the *belief of the corporation* in the alleged facts, even if belief can be predicated of a corporation. *Dodge vs. N. W. Union Packet Co.,* 13 *Minn.,* 458.

VII.—The right to the removal of a cause from the state to the federal court is dependent upon a strict compliance with the law authorizing it, and the Judge of the state court to whom the application is made for removal of a cause into U. S. Court must exercise a legal discretion as to the right to remove the cause. *Gordon vs. Longset,* 16 *Peters,* 97.

*By the Court.*—McMILLAN, J.—This is an appeal from an order denying the petition of the defendant for a removal of the suit from the State Court to the Circuit Court of the United States.

The petition is framed under and the application is based upon Section 12, of the Act of Congress entitled " An Act to establish the Judicial Courts of the United States," approved September 24th, 1789. *U. S. Stat., at large, p.* 79. The petition sets forth facts which show a compliance with the requirements of Sec. 12, of the Act of 1789, and if that section is still in force and unchanged, entitled the defendant to a removal of the suit as prayed for.

But it is claimed by the respondent that section 12 of the Act of 1789, has been amended and changed by subsequent Acts of Congress, and that the petition upon which the application for the removal of the suit is based, does not comply with the requirements of the Act as amended. The Act approved July 27th, 1866, 14 *Stat.*, *at large*, *c.* 228, *pp.* 306–7, and the Act approved March 2, 1867, 14 *Ib.*, *c.* 196, *pp.* 558–9, are relied upon as amending and changing the Act of 1789.

The correctness of this position is the question presented in this case. All these acts relate to the removal of actions from State Courts to the Federal Courts. Section 12 of the Act of 1789, embraces suits against an alien, and suits by a citizen of the State in which the suit is brought, against a citizen of another State when the matter in dispute exceeds five hundred dollars exclusive of costs—together with another class of actions to which particular reference is not necessary at this time—and permits a removal of the action from the State Court to the Federal Court, upon the petition of the defendant, but requires the application to be made at the time of entering his appearance in the State Court. The Act of 1866 provides that if *a citizen of the State in which the action is brought*, is a defendant in an action in any State Court against an alien, or in an action in any State Court by a citizen of the State in which the suit is brought, against *a citizen of another State*, and the matter in dispute exceeds five hundred dollars exclusive of costs, if the suit so far as relates to the alien defendant, or the defendant who is a citizen of another State, is instituted for the purpose of restraining or enjoining him, or if the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants, as parties in the cause, such alien defendant, or such

defendant citizen of another State than that in which the action is brought, may *at any time before the trial. or final hearing of the cause*, file a petition for the removal of the cause, as against him, into the next Circuit Court of the United States, &c., and permits the plaintiff to proceed at the same time with the suit in the State Court against the other defendants.

The Act of 1867 embraces actions in a State Court " in which there is a controversy between a citizen of the State in which the action is brought, and a citizen of another State ", and provides that such citizen of another State, whether he *be plaintiff* or *defendant*, if he will make and file in such State Court an affidavit, stating that he has reason to and does believe that from prejudice or local influence he will not be able to obtain justice in such State Court, may at any time before the final hearing or trial of the suit, file a petition in such State Court for the removal of the suit into the next Circuit Court of the United States," &c.

It will be seen from this analysis of these Acts of Congress, that the Act of 1866, provides for the removal of a class of actions in a State Court, distinct from those embraced in Section 12 of the Act of 1789, and the terms prescribed for the removal of actions under the Act of 1866, are less restricted than those limited by the Act of 1789. There is, therefore, no conflict between these two acts ; on the contrary the evident intention of the Act of 1866, was to extend the class of cases in which a removal might be applied for by a defendant, and the time within which such application could be made, beyond the Act of 1789.

It remains for us to consider the effect of the Act of 1867. This Act is in terms an amendment of the Act of 1866 ; but it does not expressly repeal either the Act of 1866 or Section 12 of the Act of 1789. It is true, the Act of 1789 em-

braces in its provisions cases in which the defendant is not a resident of the State in which the suit is brought, and that the Act of 1867 includes cases of that character also, but the ground for the removal of the action to the Federal Court prescribed by the Act of 1789, is the residence of the defendant in another State than that in which the action is brought, while the ground for such removal under the act of 1867, is that the defendant has good reason to, and does believe, that from prejudice, or local influence, he will not be able to obtain justice in the State Court. There is nothing in these grounds for removal which creates any conflict between them ; they are of a distinct and separate nature, and may both exist together. This being the case, it is competent for Congress to prescribe the time at which the application for removal upon these grounds shall be made by the defendant.

We see no reason why it is not altogether proper to limit the defendant in making his application for removal under the act of 1789, to the time of his appearance in the action, and at the same time permit him to make his application under the act of 1867, at any time before the final hearing or trial of the cause ; on the contrary, there would seem to be sufficient reason for this distinction. One great object in the establishment of courts of the United States, and regulating their jurisdiction, was to have a tribunal in each State, to which all who were non-residents, and aliens, might resort for legal redress. 16 *Pet.*, 97.

The plaintiff, in cases within the jurisdiction of both the federal and state courts, without further legislation, would have his election to proceed in either court. But as a defendant has not the choice of the tribunal in which he will be sued, some special provision was necessary to secure to him in such cases, in a suit brought in a state court,

the benefit of an election between the State and Federal tribunal; *Section* 12 *of the Judiciary Act* was passed, doubtless, for this purpose. But as his election, upon the ground of his residence in another State, should be made at the earliest practicable opportunity, it was altogether proper that the defendant should be required to do so at the time of appearing in the action in the State court. The ground for removal prescribed by the act of 1867 is based, not upon a legal presumption arising from the nature of the tribunal in which the suit is brought, or of that to which it is sought to be removed, nor from the residence of the defendant in another state than that in which the suit is pending, but upon the existence of a state of facts which would actually prevent the impartial administration of justice in the State court.

It will readily suggest itself, that such facts may not exist at the time the defendant is required to appear in the action, or, if in existence, that the defendant, non-resident, may have no knowledge whatever of their existence at that time; in addition to this there may be no practical danger of injury before the final hearing, or trial of the cause. There would seem, therefore, to be no substantial reason why the defendant, in such case, should be required to make his application at an earlier stage of the proceedings, than that specified in the act of Congress. We see nothing therefore in either of these acts which bring them in conflict with, or render them repugnant to each other. In determining whether it was intended to repeal section 12 of the act of 1789, by the act of 1867, it may also be considered, that the former act was passed at the foundation of the Federal Government, and has ever since been recognized by the courts; that the act of 1866 was an extension of the right secured to defendants by the former

Butterfield v. The Home Insurance Company.

act, and that the act of 1867, in permitting a removal of the actions embraced in it, by either the plaintiff or defendant if a resident of another State than that in which the suit is brought, confers upon the plaintiff a privilege not previously enjoyed by him.

These facts, in the absence of a manifest conflict between the acts, tend to show a positive intention on the part of Congress to extend rather than limit the right of defendants under the judiciary act. But neither the act of 1866 or 1867 expressly repeal the act of 1789 ; if it is repealed it must be by implication.

The rule is well settled that repeals of this character are not favored, and unless the latter statute is clearly in conflict with, and repugnant to the prior one, or if they may subsist together, both remain in force. *Sedgwick on Stat. and Const. Laws*, 127-8. While we are clearly of opinion that these statutes are in entire harmony with each other, yet if there were doubt in regard to it, under this rule, they must be sustained. We think *Sec.* 12 *of the Act of* 1789 is not repealed or changed by the subsequent acts referred to, and the defendant having complied with its requirements in his application, was entitled to a removal of the action from the State to the Federal Court.

The order denying the petition for removal of the action is reversed.