Scott, J.
The plaintiff in error is a corporation created solely by the State of New York, and is therefore to be regarded as a citizen of that state. And the fact that it is *472 operating a railroad of another corporation, part of which lies within this state,- under a lease from the receiver of the latter corporation, does not give it the character of an Ohio corporation, or affect its status as a citizen of New York. It was so held by this commission in the case of the B. & O. R. R. Co. v. Cary, 28 Ohio St. 208. And we see no reason to doubt the correctness of the views there expressed, and do not hesitate to reaffirm the doctrine of that case. Indeed, it would not be otherwise, even if the plaintiff in error were the absolute purchaser of the property and franchises which it is now operating and using as a lessee. State v. Sherman, 22 Ohio St. 411. The laws of this state which authorize foreign corporations to make contracts and transact business within their appropriate spheres of action, in this state, do not purport to create domestic corporations, but merely to permit and regulate the action within this state, of existing foreign corporations.
The plaintiff in error, then, being sued by a citizen of this state, in the Court of Common Pleas of Ashland county, had a right, as a citizen of another state (the amount in controversy being more than $500), to ask for the removal of the case into the Circuit Court of the United States. Such right is clearly conferred by the judiciary act of congress of 1789. Plaintiff in error, in due time, exercised this right, by petitioning, in due foi-m, for such removal, and complying in all respects with .the requirements of the act of congress in that behalf. The court of common pleas overruled the application for removal, on the sole ground that, by virtue of the act of the legislature of Ohio, passed March 19, 1869, the petitioner had waived its right to such removal. The statutory provision referred to is as follows: “ Provided that it shall be regarded as one of the conditions upon which a railroad company of another state may lease or purchase a railroad, the whole or any part of which is in this state, or make any arrangement for operating the same, under'the provisions of this section, that such railroad company of another- state thereby waives the right to remove any case from any of the courts of this state to any *473 <of the courts of the United States, or to bring a suit in any of the courts of the United States against any citizen of this-.state; and a violation of such condition shall operate as a forfeiture of all rights acquired under such lease, purchase, ■or arrangement.” 66 Ohio L. 33.
Was the court of common pleas justified, by this enactment of the state legislature, in refusing the request for removal, and holding that the right of removal had been waived ?
• The power of a state legislature to require a foreign corporation to waive or forego the exercise of such right of removal as a condition on which it is permitted to do business in the state, has been expressly denied by the Supreme Court of the United States. That tribunal of last resort in the determination of the question, holds such state legislation to be in conflict with the constitution and laws of ^he United States. Home Ins. Co. v. Morse, 20 Wall. 445; reaffirmed in Doyle v. Cont. Ins. Co., 4 Otto, 535.
And, with proper deference, we have followed and conformed to those decisions in the cases of the Assurance Co. v. Pierce, 27 Ohio St. 155, and B. & O. R. R. Co. v. Cary, supra.
In conformity with these precedents, it must be held that -the court of common pleas erred in finding and ruling that the plaintiff in error had waived its light of removal in virtue of the state enactment on that subject.
Nor did the plaintiff in error, defendant in the court below, by proceeding in the cause under protest, after its application for removal had been overruled, waive, or in any way lose, the right to call in question the further jurisdiction of the court of common pleas. Hadley v. Dunlap, 10 Ohio St. 1.
A proper case having been made by defendant below for the removal of the cause, the court had no discretion in the premises. Its imperative duty was “ to accept the surety and proceed no further in the cause against the petitioner.” It had no longer any rightful jurisdiction of the cause. Gordon v. Longest, 16 Peters, 97.
*474 And, so long as the plaintiff in error continued to stand upon and assert its right of removal, and declined to recognize the rightfulness of the jurisdiction thereafter improperly assumed, all the subsequent orders and judgments of the court, made and entered in the exercise of such assumed jurisdiction, would be utterly invalid as against the plaintiff in error.
After the overruling of the application for removal, the defendant below submitted to the further jurisdiction of the court of common pleas involuntarily and under protest. And, after final judgment in that court, it declined to waive- or abandon its rights in that behalf; and, on the contrary, continued their assertion, by seeking the reversal of such judgment in the district court, on the very ground of error in refusing to grant its application for removal.
And the district court having affirmed the judgment,, plaintiff in error is now here, still demanding a reversal on the same ground. There has, at no time, been an acquiescence, on its part, in the exercise of the jurisdiction wrongfully assumed by the court of common pleas.
But defendant in error now alleges that plaintiff in error failed and neglected to take .the necessary steps to effect and perfect the removal of the cause to the proper Circuit Court of the United States, after the overruling of its application for removal; and it is claimed that such failure and neglect, taken in connection with the fact of its remaining in the court of common pleas, though under protest, and demanding and exercising in that court its statutory right to a second trial, constitute a waiver of its right to have the cause transferred to the circuit court.
¥e know of no case in which it has ever been held that when a petition for removal has been improperly denied,, the petitioner is bound, in order to preserve his right of removal, wholly to disregard such denial of his right, and seek an immediate remedy through the action of the courts-of the United States. On the contrary, a defendant in a state court may, without prejudiee to his right-, prevent the injurious effect of its denial, if he can, by all the means. *475 authorized by the laws of the state. And when these-means are exhausted, without effect, and his right has been denied by the highest tribunal of the state, he may then appeal, by writ of error, to the Supreme Court of the United States, the paramount and final arbiter of the question. This was the very course adopted in the case of Gordon v. Longest, supra. The idea does not appear to-have occurred to either court or counsel in that case, that the plaintiff' in error had lost his right to have the case-transferred, by going to a trial in the state court of original jurisdiction, or by prosecuting a writ of error in the court of appeals of the state to reverse the judgment rendered against him. The Supreme Court of the United States-said that the defendant might have pursued a more summary remedy, but the cause having come into that court through the supreme court of the state, the judgment of affirmance by that court was reversed, and the cause remanded with instructions that it should be transmitted to-the court in which it originated, where an allowance of the petition for removal was directed to be entered nunc pm tunc. And in Hadley v. Dunlap, supra, where the defendant’s application for removal was improperly refused by the court of common pleas, and he thereupon proceeded to trial, and then took an appeal to the district court from the decree rendered against him, and in the latter court renewed his application for a transfer of the case, the question made by the renewed application was reserved for the determination of the supreme court. It was conceded by the learned counsel for complainants in that case, that if the application for removal should have been granted by the court of common pleas, the defendant had not lost the right to demand such removal, by the trial in the court below, and the appeal of the case by the defendant. The court was of the same opinion, and ordered the case to be -certified to the proper circuit court. In neither of these cases had the petitioner taken any steps, after the overruling of his petition, to effect an actual transfer of the case.
In the case of Hatch v. The Ch. R. I. & Pacific R. R. Co., *476 ■6 Blatch. C. C. 105, it is said by Judge Blatchford: “ The right of the defendant to a removal is not dependent on the question whether the state court does or does not make .an order for the removal. If it were so dependent, the refusal of the state court in a proper case to make such an ■order would make it impossible for the defendant to secure the removal except by carrying the suit through the state tribunals, and then carrying it from the highest state tribunal to the Supreme Court of the United States, under the 25th section of the judiciary act of 1789. A defendant is not, however, where a state court is improperly proceeding in a cause, in violation of the 12th section of the act of 1789, restricted to such mode of relief. Where the right to remove a cause is complete, the power of the state court, in respect to the cause, is at an end, and the defendant is not obliged to follow the cause further in any state court, either of original or appellate jurisdiction. Kanause v. Martin, 15 Howard, 198. If he does all that is necessary to secure a removal, then, whether the state court makes an order of removal or not, he can perfect the removal by entering in this court, at the proper time, copies •of the proper papers, and his appearance, and special bail if necessary. When that is done, the cause will .proceed in this court.”
This language clearly implies, that whilst a defendant may disregard the refusal of the state court to allow the removal, and may perfect such removal without an order of allowance, yet that he is not bound to adopt this summary mode of effecting a transfer, and his failure to do so is no waiver of his right to call in question the continuing jurisdiction of the state court.
We find it unnecessary to consider the other errors assigned in the case. The judgments of both the courts below will be reversed, and the cause be remanded to the court of common pleas, with instructions to certify the case-to the proper Circuit Court of the United States.