# LOUISVILLE & NASHVILLE RAILROAD COMPANY

## v.

## · WILLIAM ROEHLING.

1. REMOVAL OF CAUSE—AMENDMENT CHANGING AMOUNT CLAIMED.— After a petition and bond for removal of a cause to the federal court has been filed, as required by statute, the right to a removal becomes fixed, and can not be evaded by an amendment reducing the amount claimed to less than five hundred dollars.

2. TEST OF JURISDICTION—AD DAMNUM.—In actions of tort the amount stated in the *ad damnum* of plaintiff's declaration is the test of jurisdiction upon the question of removal of the case, and if this be so stated at more than $500, the cause is removable, notwithstanding a less sum may be claimed in the body of the declaration.

L. & N. R. R. Co. v. Roehling.

APPEAL from the County Court of Washington county; the Hon. GEORGE VERNOR, Judge, presiding.   Opinion filed September 29, 1882.

Mr. J. M. HAMILL, for appellant; that upon filing the petition and bond for removal, all subsequent proceedings, other than ordering the removal of the cause were *coram non judice,* cited U. S. Rev. Stat. 173; Dillon on Removal of Causes, 26; J. H. & I. R. R. Co. v. Abend, 9 Bradwell, 304; W. U. Tel. Co. v. Horack, 9 Bradwell, 309; Empire Trans. Co. v. Richards, 88 Ill. 404; Mathews v. Izall, 6 McLean, 13; Gordon v. Longest, 16 Pet. 101; Kanouse v. Martin, 15 How. 208; Meyer v. Construction Co. 10 Otto, 457; Ins. Co. v. Dunn, 19 Wall. 214.

Mr. W. S. FORMAN and Mr. ALPH. L. WATTS, for appellee.

BAKER, P. J.   Appellee prosecuted his action on the case against appellant to the July term, 1882, of the County Court of Washington county.   The writ was issued and served on the 29th and the declaration filed on the 30th of June, of said year, and both the writ and the declaration claimed $600 damages.   On the 6th day of July appellant filed its petition and bond for a removal of the cause to the Circuit Court of the United States for the Southern District of Illinois; and on the 8th day of the same month filed its motion in said county court for such removal.   No objection to either the petition or bond is suggested by counsel, or perceived.   On the 10th day of July, that being the first day of the term, the court, on motion of appellee, allowed him to amend his declaration by changing the amount stated in the *ad damnum* of the declaration to $400; appellant objecting and excepting thereto; and thereupon the court overruled appellant's motion for the removal of the cause to the federal court.   There was then a trial, and judgment against appellant in the county court.

If the amount in dispute exceeds $500 at the time when the right to a removal accrues and is applied for, then it becomes the duty of the state court to order the removal and

proceed no further in the cause; and every step subsequently taken in the case in such court, is without rightful jurisdiction, and perhaps even *coram non judice*. The "matter in dispute" is the claim that is presented on the record to the legal consideration of the court, and the amount claimed in the declaration is the test of its value. Gordon v. Longest, 16 Peters, 97; Kanouse v. Martin, 15 Howard, 198. Appellee cites Ladd v. Tudor, 3 Woodbury & Minot, 325, but that was a circuit court decision and seems to be inconsistent with the decision of the Supreme Court of the United States in Kanouse v. Martin, and with the great current of authority. We would be inclined to adopt the rule laid down in Ladd v. Tudor, did we but feel we had authority so to do.

It is insisted that as in the body of the declaration the value of the mules killed is stated at $300, and the value of the wagon destroyed at $100 (making $400 in all), such statements of value and not the amount claimed in the declaration as damages would control in ascertaining the amount in dispute. We do not so understand the law. If the action were *ex contractu* on a money demand and for a fixed sum, and the principal, interest and damages together did not exceed $500, then it would not be removable, although the prayer for judgment might be for an amount greater than $500. Dillon on Removal of Causes, p. 63. But in an action sounding in tort, as is the present suit, the damages as laid by the plaintiff in his declaration, is the test of the value or amount of the matter in dispute. *Idem*, p. 64; Hulsecamp v. Feel, 2 Dallas, 358; Gordon v. Longest, *supra*. In suits prosecuted to recover damages for a tort, there can be no rule to determine the amount in controversy, unless it be to take the sum claimed by the plaintiff as damages. Even if the tort is for injury to and the destruction of property of a fixed and ascertained value, yet, under some circumstances of aggravation, the plaintiff may recover damages in addition to such value, and if he lays his damages at an amount exceeding the value he alleges for the property, the legal presumption must be he claims punitive damages. The damages laid, and not the values averred, would be the claim

or demand presented by the record for judicial determination. After petition and bond have been filed in conformity with the act of Congress, and the right to a removal has become perfect and complete, such right can not be defeated by amendment of the declaration and a reduction in the amount of damages claimed. Kanouse v. Martin, *supra*. The court below erred in permitting appellee to amend his declaration by reducing his damages after petition, bond and motion filed for the removal of the cause into the United States court, and in refusing appellant's motion for such removal.

The judgment is reversed and case remanded.

Reversed and remanded.