## UPHAM VS. SCOVILLE.

1. *Removal of cause to Federal Court,*

   When an application to remove a cause from the State to the Federal Court is refused by the State Court, no rights are waived or lost by the applicant by his then contesting the suit on its merits.

2. SAME: *What suit not removable.*

   An action by a Deputy Marshal against his principal for fees due him is not removable from the State the to Federal Court.

APPEAL from *Sebastian* Circuit Court.

Hon. J. A. YANTIS Special Judge.

*Cohen & Cohen,* for appellant.

The cause should have been transferred to the Federal Court. *Act Congress, March 3d,* 1875, *Sec.* 2, *Dillon Removal of Causes, Sec.* 1, 14, 15 ; 7 *Blatch,* 255 ; 1 *Dillon, C. C. R.,* 73 ; 2 *Ibid,* 501 ; 103 *U. S.,* 485—216 ; 6 *Reporter,* 226 ; 7 *Reporter,* 329 ; *Reporter,* 569 ; *Reporter,* 515 ; *Revised Stat., U. S.* 1*st Ed'n, Sec.* 779, 829, &c. ; 106 *U. S.,* 118.

*Thomas Marcum* for appellee.

The State Court had the right to judge of the sufficiency of the petition to remove the cause, under the act of March 3, 1875, and properly refused it. Cites 4 *Dillon, C. C. R.,* 262 ; 5, *Ohio,* 183 ; 16 *Peters,* 97 ; 7 *Law Reports,* 599 ; 5 *Law Reporter,* 599 ; 7 *Reporter,* 362 ; 6 *R. S.,* 428 ; 6 *U. S. Digest,* 213 ; 6 *Otto,* 199 ; 6 *Wheaton,* 379 ; 9 *Id.,* 822 ; 26 *Am. Rept.,* 150 ; 21 *Law Reports.* 211, *Brightly Dig.,* 127 ; 23 *Am. Reports,* 143, *and note to* 138 ; 6 *Otto,* 201—3 ; 10 *Otto,* 264 ; 6 *Wheat,* 379.

Appellant had his remedy by causing a transcript to be filed in the Federal Court, under the act.

It was within the sound discretion of the Circuit Court, to allow the cause to be removed, and unless that discertion was abused, this court will not disturb its ruling.

SMITH J.—Upham, late United States Marshal, for the

Western District, was sued by his deputy for $552.60, the value of certain official services alleged to have been rendered him. He filed his petition and bond for the removal of the cause from the State to the Federal Court, under the act of Congress, approved March 3, 1875; but his prayer was denied. He then answered, denying his indebtedness; but upon a trial before the Court there was a finding and judgment against him for $352.34. The sole error assigned in his motion for a new trial is the refusal of the Court to stay its hand, by accepting his surety and declining to proceed further in the cause, after the filing of his petition.

The Supreme Court of the United States being the final arbiter in question involving construction of Acts of Congress, it behooves us to inquire how they have construed the statutes for the removal of causes and to give effect to them under such construction.

Now, it is well settled, that when the removal is denied, the petitioner loses no right by contesting in the State Court the suit on its merits. The question is one of jurisdiction and the defendant does not waive it by submitting to answer and participating in the subsequent trial. *Gordon v. Longest*, 16 *Peters*, 97; *Insurance Co. v. Dunn*, 19 *Wall.*, 214; *Railroad Co. v. Koontz*, 104, *U. S.*, 5; *Steamship Co. v. Tugman*, 106.; *Id.*, 118.

Was the action removable, as one arising under a law of the United States? If it could have been originally brought in the Federal Court, the petition ought to have been granted. *Dillon on the Removal of Causes, Sec.* 8.

By Sec. 2, of Article 3, Constitution of the United States, jurisdiction is given to the Courts of the United States, in two distinct classes of cases. In one class, their jurisdiction depends on the character of the cause, that is, the subject matter of the suit. In the other class, it depends on the citizenship of the parties.

Here the removal is sought, not because the controversy is between citizens of different States, or between a citizen and an alien. For we may presume from the record that the parties, plaintiff and defendant, were both citizens of the same State. But the ground of application is that the defendant claims he has a defense arising under the law of Congress. And that law is *Sec.* 829 *of the Revised Statutes,* which prescribes the Marshal's fees.

Now, the compensation which a Marshal shall give his deputy, is purely a matter of convention. The laws of Congress have nothing more to do with it than they have with regulating the contracts which the Marshal may make with his gardener or his woodchopper. The controversy was, whether and how much the Marshal owed his deputy for services. And its correct dicision did not depend on the validity or the construction of any act of congress. *Albright v. Treas,* 106; *U. S.* 613, and cases there cited.

Judgment affirmed.