CASE v. SMITH, LINEAWEAVER & CO.

(Circuit Court, E. D. New York. March 30, 1907.)

1. PROCESS—VALIDITY OF SERVICE—NONRESIDENTS.

A defendant, who, knowing that a possible cause of action exists against him in a certain jurisdiction, voluntarily goes into such jurisdiction on business with third parties, takes the risk of being there discovered and served with process; and such service is not invalidated because the plaintiff had knowledge that defendant would come within the jurisdiction and arranged to be notified when he did come, where no trick or device was resorted to for the purpose of inducing his coming.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 70.]

2. REMOVAL OF CAUSES—PROCEDURE AFTER REMOVAL—FOREIGN CORPORATIONS —VALIDITY OF SERVICE—DETERMINATION.

Where an action against a foreign corporation has been removed from a state to a federal court, the question of the validity of the service of the summons and complaint on the defendant is to be determined according to the rules and practice of the federal courts, and not by the law of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 250.]

3. CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—PROCESS—SERVICE — VALIDITY.

A federal court cannot acquire jurisdiction over a foreign corporation which is not doing business in the state of suit and has no property within such state with relation to which the suit is brought, by the service of process on an officer who is casually within the state; and the fact that the corporation maintains an office room within the state of suit, in charge of a salaried sales agent, who takes orders for goods to be accepted and filled by the corporation at its home office, does not constitute a doing business within the state such as to validate the service.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2613, 2626.

Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

On Motion to Set Aside Service of Summons.

Fox, Pierce & Rowe, for plaintiff.

Thomas Mills Day, for defendant.

CHATFIELD, District Judge. This action was begun originally in the Supreme Court of the state of New York. The alleged cause of action is for breach of contract for the delivery of coal by the defendant in Pennsylvania to the plaintiff at Port Reading, N. J.; the contract having been entered into, as is shown by the affidavits, in Philadelphia, in the state of Pennsylvania. The plaintiff is a resident of the Eastern district of New York, and had obtained, prior to the commencement of the action, by an assignment, all the right, title, and interest in the contract above referred to and any cause of action which might arise therefrom. The defendant company appeared specially for the purpose of removing the case into the United States court, which was done upon the ground of diversity of citizenship, the amount in dispute appearing to be more than $2,000; and the papers were filed in the United States Circuit Court for this district on the 6th

day of February, 1907. The defendant company then filed a special notice of appearance, for the purpose of moving to set aside the service of summons upon the said defendant, and obtained an order to show cause why such relief should not be granted, and extending the time of the defendant to plead generally until after the court should dispose of the motion upon the return of the said order to show cause.

The facts as to the service of the summons and complaint upon the defendant are not disputed, and appear to be as follows:

The defendant corporation has its home office and place of business in the state of Pennsylvania. It maintains at No. 1 Broadway, in the borough of Manhattan, New York City, an office room, where a sales agent, working upon a salary, negotiates for the purchase and sale of coal, to be filled by the direction of the Philadelphia office and by shipments from collieries in Pennsylvania, West Virginia, and Maryland. No stock of coal was kept within the state of New York. No property was invested in the state of New York, beyond the furniture in the said office, and no officer or director of the company was within the state of New York, except the president under the circumstances hereinafter set forth. The corporation had not obtained permission, under section 16 of the Corporation Law of the state of New York (Laws 1892, p. 1806, c. 687), to do business within that state, and had not designated any person to accept service therefor. On the 20th day of November, 1906, Henry H. Lineaweaver, the president of the defendant corporation, came from Philadelphia to New York, and was there served with the summons and complaint by one of the attorneys for the plaintiff. Mr. Lineaweaver's presence within the state of New York happened as follows: A New York man, by the name of Crawford, was indebted in a large amount to various creditors, among whom were this defendant (Smith, Lineaweaver & Co., of Philadelphia) and McTurk & Co., of Philadelphia. The attorneys for Mr. Case in the present action, while endeavoring to serve Smith, Lineaweaver & Co., were also representing McTurk & Co. in the collection of the debt from Crawford. A brother-in-law of Crawford, one Dr. Diller, through a family arrangement, was taking up Crawford's debts and obtaining receipts and releases therefor. The attorneys for the plaintiff in this action knowing of the debt held by Smith, Lineaweaver & Co. against Crawford, and knowing of the arrangement to pay the Crawford debts, because of the claim of their own client McTurk & Co., obtained from Dr. Diller and his attorneys information as to the day and hour upon which Mr. Lineaweaver would call in person upon Dr. Diller to receive payment of the Smith-Lineaweaver claim against Crawford. This information as to Mr. Lineaweaver's visit was given to the attorneys for the plaintiff herein as the sequel to an arrangement which had been previously made between said attorneys and the attorney for Dr. Diller, by which arrangement a letter was to be sent to Smith, Lineaweaver & Co., on behalf of Dr. Diller or of the Crawford family, which letter was similar to that being sent to the various Crawford creditors, which letters requested a representative to call in person and receipt for the payment. Mr. Lineaweaver thereupon called upon Dr. Diller at the time appointed, at his office in New York.

City, and was served with the summons and complaint in this action as soon as Dr. Diller had made the payment for the debt due from Crawford to Smith, Lineaweaver & Co.

There is no claim, and the facts do not admit of any charge, that Mr. Lineaweaver was lured, by any false representations, into the state of New York, or brought to Dr. Diller's office by any deceit on the part of the Crawford family or its representatives. Two grounds for asking that the service be set aside are suggested: First, that the plaintiff could not take advantage of Mr. Lineaweaver's presence in the state of New York for the purpose of serving him with process while in the state, inasmuch as the plaintiff's attorneys knew that he was coming to New York for an especial purpose, and had arranged to be informed of such coming and to take advantage of his being there. Second, that the service, as such, was not good under the general requirements in the United States courts that a defendant, a foreign corporation, cannot be served by service upon an officer casually within the state, unless the corporation transacts business within the district where the suit is brought.

Under this first point, it is extremely difficult to say whether knowledge that a party upon whom service is desired to be made is coming within the jurisdiction of the court, and arranging in advance to obtain information of such coming, is sufficient to bring a service of papers within the words "trick or device," or within the cases where the party seeking service is considered to have held out some inducement. No case has been cited on all fours with this situation; and while the courts seem universally to have jealously guarded the privilege of an individual who relies upon the good faith of persons inviting him within the desired jurisdiction, and upon the inviolability of that jurisdiction's fair administration of its laws, it seems that a defendant who (knowing that a possible cause of action existed, and that a different particular piece of business in which he was interested with third parties would bring him within the jurisdiction in which the cause of action was located) voluntarily goes within the jurisdiction, when there has been no invitation or act which could be construed as such on the part of the person desiring to effect service, takes the risk of his presence being discovered. Mere foreknowledge would seem to be no different from knowledge gained by accident during his temporary presence within the jurisdiction. The test must be whether the party seeking to take advantage has given any invitation or extended any inducement which could be considered as a guaranty of good faith. Such an inducement does not seem to be present in this case, so the matter passes to the second ground of objection.

The second ground for the motion makes it necessary to decide whether the sufficiency of the service is to be considered according to the law of the state of New York, or according to the rules and practice of the federal courts, inasmuch as the service, such as it was, was completed before any application for removal.

In the case of Goldey v. Morning News, 156 U. S. 523, 15 Sup. Ct. 559, 39 L. Ed. 517, it is said:

"The jurisdiction of the Circuit Court of the United States depends upon the acts passed by Congress pursuant to the power conferred upon it by the

Constitution of the United States, and cannot be enlarged or abridged by any statute of a state. The Legislature or the judiciary of a state can neither defeat the right given by a constitutional act of the Circuit Court of the United States, nor limit the effect of such removal. Gordon v. Longest, 16 Pet. 97, 10 L. Ed. 900: Insurance Co. v. Morse, 20 Wall. 446, 22 L. Ed. 365; Barron v. Burnside, 121 U. S. 186, 7 Sup. Ct. 931, 30 L. Ed. 915; Southern Pacific Co. v. Denton, 146 U. S. 202, 207–209, 13 Sup. Ct. 44, 36 L. Ed. 942. As was said by this court in Gordon v. Longest: 'One great object in the establishment of the courts of the United States and regulating their jurisdiction was to have a tribunal in each state, presumed to be free from local influence, and to which all who were nonresidents or aliens might resort for legal redress.' 16 Pet. 104, 10 L. Ed. 900."

To the same effect is Cavanagh v. Manhattan Transit Co. (C. C.) 133 Fed. 818. In the case of Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 106, 11 Sup. Ct. 36, 34 L. Ed. 608, the Supreme Court applies the rule of the United States courts to an action removed from the state court, and affirms a decision setting aside the service of a summons and complaint, procured by what is there called a "fraudulent device and trick," and also uses the following language:

"Nor are we impressed with the tenability of plaintiff's position in relation to the service in any view. Where a foreign corporation is not doing business in a state, and the president or any officer is not there transacting business for the corporation and representing it in the state, it cannot be said that the corporation is within the state, so that service can be made upon it. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; New Eng. Mut. Life Ins. Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379; Ex parte Schollenberger, 96 U S. 369, 24 L. Ed. 853."

The motion to set aside the service, therefore, will be granted, inasmuch as the defendant corporation could not be said to be doing business within the state of New York, is not incorporated within the state of New York, and has no property within the state with relation to which the suit is brought, so that jurisdiction cannot be acquired by service upon an officer casually within the boundaries of New York.