MARY F. COCKCROFT AND ANOTHER'S APPEAL FROM RAILROAD COMMISSIONERS.

New Haven and Fairfield Cos., Jan. T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

It is provided by Gen. Statutes, § 3461, that every railroad company, after its line has been established, may alter the location of its road with the approval of the railroad commissioners and take lands for additional tracks and stations; and by § 3466 that where land had been conveyed to a railroad company for its track with any reservation or condition which interfered with the furnishing by the company of proper depot accommodations, such reservation or condition may, with the approval of the commissioners, be condemned in the same manner that land might be taken. And it is provided by § 3518 that any person aggrieved by any order of the commissioners upon any proceeding "relative to the location, abandonment or changing of depots or stations" may appeal to the Superior Court. Held that cases arising under §§ 3461 and 3466 were entirely distinct from those arising under § 3518, and that an order made by the railroad commissioners upon a petition brought under those two sections was not subject to the appeal provided for in the last section.

[Argued January 27th—decided March 20th, 1891.]

APPEAL from an order of the railroad commissioners; taken to the Superior Court in Fairfield County, and heard before *Robinson, J.* Motion to erase from the docket for want of jurisdiction granted by the court, and appeal by the original appellants. The case is fully stated in the opinion.

*S. E. Baldwin,* for the appellants.

*L. Harrison,* for the appellees.

SEYMOUR, J.   On the 10th of February, 1890, the New York, New Haven & Hartford Railroad Company presented its petition to the railroad commissioners, stating that the proper operation of its railroad, and public convenience and necessity, require the taking by the petitioner, for additional tracks, turnouts and freight and passenger stations and depots at Westport, of certain lands therein bounded and described.   The petition also states that theretofore one Nash conveyed to the petitioner certain lands by a deed containing the provision " that said company are to construct for the grantor a convenient crossing place over said railroad to his land on the north," which the petitioner alleges is a reservation or covenant which interferes with the furnishing by the petitioner of reasonable and proper depot accommodations to the public.   The petition further states that its railroad cannot be judiciously constructed upon a highway therein described without interfering therewith, and that the location of the highway should be changed as shown by a diagram filed with the petition.   Thereupon the petitioner prayed the commissioners to approve of its taking the described land, the condemning of said reservation and the changing of the location of said highway.

An answer was filed to the petition, and a demurrer to the answer, which latter was sustained.   Afterwards the parties appeared and were fully heard.   Upon such hearing the railroad commissioners found the allegations of the petition to be proved and true and granted the prayer thereof. The respondent appealed to the Superior Court.   The appellants make all the proceedings before the railroad commissioners a part of their appeal, and allege, as their authority for taking an appeal, that " said petition to said railroad commissioners related to the location of a new passenger station for said railroad company at Westport and the abandonment

of its present station there, and the changing of its depots and stations at said town."

In the Superior Court the appellee moved to erase the appeal from the docket, because it appeared that the Superior Court had no jurisdiction; that said court cannot acquire jurisdiction of the matters therein contained by appeal from the action of the railroad commissioners; and that neither said petition, nor the order and finding of the railroad commissioners thereon, relates to the location of a new passenger station for said company at Westport nor the abandonment of its present station there and the changing of its depots and stations in said town. The motion to erase was granted and an appeal from such decision taken to this court.

The reasons of appeal are that the Superior Court had jurisdiction by General Statutes, section 3518, and Public Acts of 1889, p. 129; that the proceeding leading to said order was relative to the location, abandonment and changing of depots and stations, and that it so appeared upon the face of the appeal; and that the grounds for granting the motion to erase were insufficient.

It appears almost too clear for argument that there is nothing in the petition to the railroad commissioners looking to or asking authority for the location, abandonment or changing of depots or stations within the meaning of the statutes. The only part of the finding and order that refers directly or indirectly to the subject of depots is as follows:—" And we do hereby give our written approval of the alterations in the location of said New York, New Haven & Hartford Railroad in said town of Westport, for the purposes set forth in said petition, and we do prescribe the limits within which said railroad company may take real estate for the purposes set forth in said petition, to be those asked for and defined therein, which real estate we hereby find to be necessary to be taken for the purposes described as aforesaid. And we further find that said grant of June 4th, 1847, as described in the petition, reserves such rights, titles, interest, easement or privilege in such land, or subjects said company to special conditions or covenants, as above set

forth, which interfere with the furnishing by said company of suitable and proper depot accommodations to the public, and that said company cannot agree with the party or parties in interest as to the compensation or damages to be paid for the release of such condition or covenant. We do therefore give our written approval of the condemnation by said company of such reservation, condition or covenant."

Neither the taking of land for additional tracks, turnouts and freight and passenger stations and depots, nor the condemnation of reservations, conditions and covenants which interfere with the furnishing of reasonable and proper depot accommodations to the public, imply or suggest the location, abandonment or changing of depots or stations.

It is perfectly evident that so much of the petition as is · involved in this discussion was based upon sections 3461 and 3466 of the General Statutes and is not affected by the provisions of section 3518 as amended by chapter 213 of the Public Acts of 1889.

It appears from the face of the appeal itself that the Superior Court has no jurisdiction, and there is no error.

In this opinion the other judges concurred.