## NEW YORK, N. H. & H. R. Co. *v.* COCKCROFT *et al.*

(*Circuit Court, D. Connecticut.* February 2, 1892.)

**1. FEDERAL COURTS—FOLLOWING STATE LAW.**

The decisions of a state court as to the sufficiency of an appeal in a special proceeding are controlling upon the federal courts.

**2. SAME—DECISION OF RAILWAY COMMISSIONERS—EFFECT OF APPEAL.**

A railroad company procured the assent of the Connecticut railway commissioners to the taking of certain lands, and applied to the judge of the superior court to have the damages assessed. The land-owner appealed from the order of the commissioners, and at the same time removed the proceedings for assessment to the federal court. In this court he pleaded in abatement the pendency of the appeal. Before the hearing as to the sufficiency of the plea, the appeal was dismissed by the state court for want of jurisdiction. *Held* that, while the sufficiency of the plea was to be determined as of the date it was filed, yet the decision by the state court was to be taken as showing what the law was at that time.

**3. SAME—SUPERSEDEAS.**

As by the statute giving the right of appeal from the order of the commissioners (Gen. St. Conn. § 3518, as amended by Acts 1889, p. 129) the same is not taken before the commissioners, or allowed by or filed with them, but is an independent proceeding before the superior judge, the provision made by the statute that the appeal shall operate as a *supersedeas* does not come into operation until the court takes jurisdiction of the appeal; and a decision by it that it has no jurisdiction thereof shows that there was no *supersedeas.*

Application to Assess Value of Lands to be taken by a railroad company. Heard on demurrer to the plea in abatement. Demurrer sustained.

*Lynde Harrison,* for plaintiff.

*Simeon E. Baldwin,* for defendants.

WHEELER, District Judge. By the statutes of the state railroad companies appear to have the right to take additional lands for railroad purposes, and to locate, abandon, or change depots or stations, upon the consent of the railroad commissioners, filed in the town-clerk's office, and payment or tender of damages ascertained on application to a judge of the superior court. And by section 3518 of the General Statutes, as amended by the Public Acts of 1889, p. 129, a person aggrieved by any order of the railroad commissioners upon any proceeding relative to the location, abandonment, or changing of depots or stations may appeal from the same to the superior court by petition in writing, which may hear the appeal, re-examine the question of the propriety and expediency of the order appealed from as upon complaints for equitable relief, and, in case the order is not affirmed, make any other order in the premises which might have been made by the railroad commissioners therein; and such appeal is a *supersedeas* of the order appealed from until the final action of the court thereon. The plaintiff procured the consent of the railroad commissioners to the taking of the land in question. The defendants appealed to the superior court. The plaintiff made application to a judge of the superior court for ascertainment of the damages. The defendants removed that application to this court, and have pleaded the appeal in abatement. The plaintiff has demurred, and the demurrer has been heard.

When the plea was filed the appeal had not been entered in the superior court. Since then it has been there entered, and been dismissed by the court for want of jurisdiction, and this has been affirmed by the supreme court of errors. *Cockcroft's Appeal*, 60 Conn. 161, 22 Atl. Rep. 482. Counsel for the defendants insists that the plea stands as of the time when it was filed, and that this court is to determine its sufficiency as if the demurrer had been heard then, before any decision of the courts of the state upon the appeal, and according to the views of this court upon the right of appeal. That the sufficiency of the plea is to be determined as of then is doubtless true. But the laws of the state governing the right of appeal were the same then as now; and the decision of the highest court of the state upon them since shows what, in the judgment of that court, they then were. By section 721 of the Revised Statutes of the United States the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, are to be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. This seems to govern all proceedings in court, except equity and admiralty cases, although they are not strictly according to the common law, and to be applicable here. The decisions of the highest court of a state upon the construction of its laws seem to be the best exposition of what the laws really are. *Luther* v. *Borden*, 7 How. 1; *Randall* v. *Brigham*, 7 Wall. 523; *Post* v. *Supervisors*, 105 U. S. 667. That the courts of the United States do not always follow the decisions of the courts of the state upon questions of general law arising in the states is not contrary to this. *Venice* v. *Murdock*, 92 U. S. 494; *Claiborne Co.* v. *Brooks*, 111 U. S. 400, 4 Sup. Ct. Rep. 489. Especially should the decisions of the courts of the state govern in the construction of statutes relating to their own jurisdiction and procedure. If this court should decide that the superior court had jurisdiction of the appeal, and abate this proceeding for that cause, that court would not have the appeal before it, nor be bound to proceed with the appeal if there. Such diversity would appear to be contrary to the system of the jurisprudence of the United States, and tend to confusion and obstruction, rather than to the promotion of justice. The decisions of the state courts seem to be conclusive against the right of appeal in this case from the railroad commissioners to the superior court.

The counsel for the defendants further insists that the fact of the appeal operated by force of the statute as a *supersedeas* of all further proceedings until final action of the court thereon; and that this proceeding for the ascertainment of the damages could not be had before then. The nature of the proceeding for an appeal is important here. No appeal is taken before, filed with, or allowed by, the railroad commissioners, and no removal of the proceedings before them or of their record is had. The application to the superior court is an independent proceeding, which operates upon the parties, and not upon the railroad commissioners nor their judgment until the superior court acts. That court has not acted upon the appeal at all; but has merely held that there was none. If it had

taken jurisdiction, an appeal would have been pending; and, if sustained, its order, and not that of the railroad commissioners, would have been the foundation for further proceedings, if any were provided for. But, as it took no jurisdiction whatever, the proceedings of the railroad commissioners were left in force as they had been all the while. The statute does not provide that an attempted appeal, nor that the service of a citation on a petition for an appeal, shall operate as a *supersedeas*, but that such appeal—that is, an appeal in such a case—shall operate as a *supersedeas*. This is settled to be not such a case; therefore this was not such an appeal as the statute gave that effect to. Demurrer sustained, and plea adjudged insufficient.