JOHN CHARLES ANDERSON, RESPONDENT, *v.* WALTER
S. CARR, APPELLANT, AND OTHERS, RESPONDENTS, AND JOHN
J. LEARY, APPELLANT.

*Judgment — entered by consent, although the court has not jurisdiction — erroneous,
it is not void — contempt proceedings under it are valid — remedy of the party
enjoined.*

In an action brought by John Charles Anderson to establish the validity of the
will of John Anderson, deceased, a defendant, named Watson, answered, and
a defendant, named Carr, demurred to the complaint. The plaintiff com-
promised with Watson, and, as a condition of the settlement, Carr withdrew his
demurrer, and, upon a consent that judgment be entered for the relief demanded
in the complaint, judgment was entered declaring the will valid, and further
perpetually enjoining such defendants from impeaching the will or making
any claim in contravention thereof.

Subsequently, certain of the other defendants, in the same case relative to the same
will, obtained an adjudication in the Court of Appeals, that equity had no juris-
diction of a suit to establish a will.

After the entry of the judgment containing the injunction John J. Leary, as
attorney for Watson, began a separate action in ejectment to recover certain
premises devised by the will. For this act Leary was punished for a contempt
of court.

*Held,* that, although if the defendants Watson and Carr had persisted in their
defense the judgment would ultimately have been in their favor, the judgment
against them, entered by consent, was not void.

That while the Court of Appeals had decided that an action to establish a will was
not within the present equity jurisdiction, it did not hold that the Supreme
Court had no power to entertain such an action, and determine whether it would
or would not lie.

That as the judgment was at most erroneous, the contempt proceedings were valid.

That if the injunction was not authorized by the consent given, the defendants'
remedy was by a motion to amend the judgment.

That while the injunction stood it must be respected.

APPEALS by John J. Leary, an attorney, from an order of the
Supreme Court, entered in the office of the clerk of the county of
Westchester on the 19th day of March, 1892, adjudging him in con-
tempt; and also from an order of said court, entered in the same
clerk's office on the 7th day of April, 1892, imposing fines upon
him in the aggregate sum of $775, and directing that he be imprisoned
for six months and until the fines be paid; and an appeal by the
defendant Walter S. Carr from an order entered in said clerk's

office on January 21, 1889, denying an application to open a
judgment against the said defendant Walter S. Carr.

*John J. Leary*, for the appellant.

*Thomas M. North* and *William B. Hornblower*, for the respondent.

CULLEN, J. :

This action was brought to establish the validity of the will of
John Anderson. The defendant Carr demurred; the defendant
Watson answered. The plaintiff compromised with the defend-
ant Watson, and, as a condition of the settlement, the defendant Carr
withdrew his demurrer and consented that judgment be entered
against him for the relief demanded in the complaint. Judgment
was thereupon entered declaring the will valid, and the defendants
were perpetually enjoined from impeaching the will or making any
claim in contravention thereof. Subsequently Watson, by the appel-
lant, as his attorney, brought an action in ejectment to recover cer-
tain premises devised by the will. The appellant was adjudged
guilty of contempt in continuing to prosecute the action. From
such order this appeal is taken.

But two questions are raised on the appeal. The first is, that the
court had no jurisdiction to render the judgment, and hence the
judgment is void. In *Anderson* v. *Anderson* (112 N. Y., 104)
the Court of Appeals held that this action would not lie, and, as to
the other defendants who resisted the suit, the action was dis-
missed. The court held that equity had not jurisdiction of a suit
to establish a will, but that the devisee must wait till his title is
attacked. On this decision the contention is made that the judg-
ment herein, even though entered by consent, is void.

We think that the decision of the Court of Appeals does not go
to that extent. Doubtless, had the defendants not compromised,
and had carried their defense to the highest tribunal, the judgment
would have been in their favor instead of against them. But in
this position these litigants are not singular. The reports are full
of such cases. The question is not whether the judgment was
erroneous, but whether it is void. We think the judgment was in
the power of the court to make.

Bills *quia timet* and to restrain suits at law have always been
entertained by courts of equity alone. That the bill here did not

state a case for equitable relief does not affect the jurisdiction of the court any more than a faulty complaint in an action at law. The Court of Appeals did hold that the case did not fall within the equity jurisdiction as it exists in this State, but it did not hold that the Supreme Court had not power to entertain such an action and determine whether it would or would not lie. There are different senses in which the word " jurisdiction " is employed. When " equity jurisdiction " is spoken of there is not meant the power of the court to try the dispute in the sense that a County Court cannot try an action in ejectment, or a State court offenses against the Federal government, but the question whether the action in equity will lie. (*Bangs* v. *Duckinfield*, 18 N. Y., 595 ; *Fisher* v. *Hepburn*, 48 id., 51.) When it was contended before Lord MANSFIELD, first, that the King's Bench had no jurisdiction of the suit, and then that no other court had jurisdiction, he answered : " When you say that no court has jurisdiction of a controversy, what is that more than saying no action will lie."

The plaintiff thought he could maintain this action. He was wrong, but he had a right to be wrong. He submitted his claim to the court which had general jurisdiction in law and in equity. It is not pretended that there is any other tribunal before which the plaintiff should have brought his suit. If the question was a proper one for litigation, there must be some court in which the question could be litigated and a judgment rendered in such a litigation, while unreversed must, though erroneous, stand on the same footing as any other judgment not subject to collateral attack.

It is also urged that the judgment in granting an injunction went beyond the relief demanded in the complaint. If this be so, the defendant's remedy is by motion to amend the judgment. The injunction must be respected until it is set aside.

The order appealed from should be affirmed, without costs.

BARNARD, P. J., concurred.

Order affirmed, with costs.