DAVID J. HANNA, Suing for Himself as Stockholder, and All Other Stockholders of the PEOPLE'S NATIONAL BANK OF SALEM, et al., Appellants, *v.* SUSAN A. LYON et al., as Executors of CHARLES LYON, Deceased, et al., Respondents.

BANKING — STOCKHOLDER BRINGING ACTION AGAINST DIRECTORS FOR NEGLIGENCE MUST BE SUCH AT THE COMMENCEMENT OF THE ACTION. Directors are liable to a bank which through their negligence has suffered loss, and in case the bank does not, any stockholder may prosecute an action in behalf of himself and others in a like situation, either after demand made that the bank should bring the action and its refusal, or without demand when the persons who committed the wrongful acts continue to be directors of the corporation; but it is not sufficient that the plaintiff is a stockholder at the time of the commission of the acts complained of; unless he is such at the time of the commencement of the action a judgment in his favor must be reversed and the complaint dismissed; when, however, a qualified stockholder has been permitted by an order of the court to intervene in such action, which order, although appealed from, is not reversed, it is erroneous for the Appellate Division to dismiss the complaint as to such stockholder and he is entitled to a new trial.

*Hanna* v. *People's National Bank,* 76 App. Div. 224, modified.

(Argued June 10, 1904; decided August 5, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered

December 10, 1902, reversing a judgment in favor of plain-
tiffs entered upon a decision of the court on trial at Special
Term and dismissing the complaint.

*John B. Holmes* for appellants. The defendants are
liable to the bank for the loss sustained by reason of their
negligence. (Cook on Corp. [5th ed.] §§ 702, 703 ; *Brincker-
hoff* v. *Bostwick*, 88 N. Y. 52 ; *Cassidy* v. *Uhlmann*, 170
N. Y. 517 ; *Hun* v. *Cary*, 82 N. Y. 65 ; *Bloom* v. *Nat. S.
Co.*, 81 Hun, 120 ; 152 N. Y. 114 ; *Briggs* v. *Spaulding*, 141
U. S. 132 ; *Warren* v. *Penoyer*, 91 Fed. Rep. 589 ; *Bos-
worth* v. *Allen*, 168 N. Y. 157 ; *Taylor* v. *C. & M. Ry. Co.*,
2 Exch. 379 ; *Quinn* v. *O. R. R. Co.*, 27 Fed. Rep. 626.)
The action is properly brought by the plaintiff for the benefit
of himself and all others in a like situation. (*Brinckerhoff*
v. *Bostwick*, 88 N. Y. 52 ; *Brewster* v. *Hatch*, 10 Abb.
[N. C.] 400 ; 9 Abb. [N. C.] 280 ; *Anderson* v. *Wolfe*, 41
Hun, 370 ; *Savage* v. *Culver*, 147 N. Y. 241 ; *Anderton* v.
*Aronson*, 3 How. [U. S.] 216 ; *Dykman* v. *Keeney*, 154
N. Y. 483 ; *Bloom* v. *N. U. B. S. Co.*, 81 Hun, 120.)
The original plaintiff Hanna had such an interest as a stock-
holder in the cause of action that he could maintain
the same. (*Buker* v. *L. L. Assn.*, 164 N. Y. 557.) The
judgment of the trial court should be affirmed and that
of the Appellate Division reversed upon the ground that
the plaintiffs are subrogated to the rights of the bank.
(*Cole* v. *Malcolm*, 66 N. Y. 363–366 ; *Arnold* v. *Greene*,
116 N. Y. 566, 571, 572 ; *C. F. Ins. Co.* v. *E. Ry. Co.*, 73
N. Y. 399 ; 24 Am. & Eng. Ency. of Law, 188–190 ; *Couch*
v. *Dulaplaine*, 2 N. Y. 397 ; *Graham* v. *Dickson*, 3 Barb.
Ch. 169 ; 2 May on Ins. [4th ed.] § 454 ; *Kolb* v. *Nat.
Surety Co.*, 176 N. Y. 237 ; *Mathews* v. *Aikin*, 1 N. Y. 595 ;
*Wells* v. *Town of Salina*, 17 Hun, 590 ; *Brinckerhoff* v.
*Bostwick*, 99 N. Y. 185 ; *Dykman* v. *Keeney*, 154 N. Y. 483 ;
*Young* v. *Drake*, 9 Hun, 61.) Even if the plaintiff Hanna
could not maintain this action it should not have been dis-
missed as to the plaintiff Piser. (Code Civ. Pro. §§ 448, 452,

453, 760, 773 ; *Mooney* v. *N. Y. El. R. R. Co.*, 163 N. Y. 242, 247 ; *Haas* v. *Craighead*, 19 Hun, 396 ; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 194, 195 ; *Hirshfield* v. *Fitzgerald*, 157 N. Y. 166, 180 ; *McArdle* v. *Olcott*, 62 App. Div. 129.)

*J. Sanford Potter, S. W. Russell* and *Abner Robertson* for respondents.     The original plaintiff, David J. Hanna, cannot maintain this action, and as to him the complaint should have been dismissed, with costs. (Cook on Corp. §§ 701, 734 ; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 35 Misc. Rep. 69 ; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185 ; *Bloom* v. *N. S. & L. Co.*, 152 N. Y. 121 ; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 35 Misc. Rep. 71 ; *Hanna* v. *Bank*, 76 App. Div. 225 ; *Greeves* v. *Gough*, 69 N. Y. 154 ; *Fitchit* v. *Murphy*, 46 App. Div. 181 ; *E. S. Sav. Bank* v. *Beard*, 81 Hun, 184.) The doctrine of subrogation has no application. (24 Am. & Eng. Ency. of Law, 187.)     The original plaintiff, Hanna, failing to maintain the action, no recovery can be had by Clarissa Piser or any other person made a party plaintiff subsequent to the commencement of the action. (*Madison* v. *Demarest*, 1 Rob. 719, 723 ; *Macurdell* v. *Olcott*, 62 App. Div. 127 ; *Derby* v. *Yale*, 13 Hun, 273 ; *Salisbury* v. *B. P. Co.*, 85 Hun, 99.)

PARKER, Ch. J.     The findings of the trial court establish conclusively that the defendants' testators, Charles P. Lyon and Joshua J. Rogers, were, as officers and directors of the People's National Bank of Salem, N. Y., guilty of negligence, resulting in a loss of many thousands of dollars to the bank, a loss so great that an assessment equal to the capital stock was charged upon the stockholders.     Upon these findings the trial court gave judgment for the plaintiff, which was reversed in the Appellate Division and the complaint dismissed.     The form of the order of reversal was such as to make it the duty of this court, under section 1338 of the Code of Civil Procedure, to assume that it was not reversed upon the facts.

The question presented for our determination is whether either of the plaintiffs is entitled to maintain an action against the defendants upon the facts found. The law is settled in this state that directors of monetary corporations are held to the same degree of care that men of ordinary prudence exercise in regard to their own affairs. (*Cassidy* v. *Uhlmann*, 170 N. Y. 517; *Bloom* v. *National Savings & Loan Co.*, 81 Hun, 120; affd., 152 N. Y. 114; *Hun* v. *Cary*, 82 N. Y. 72.) Applying this rule to the facts found in this case, there can be no doubt that Lyon and Rogers were liable to the bank.

The bank could have successfully prosecuted an action against the defendants, but it did not do so; and in such a case it is well settled that a stockholder may bring such an action in behalf of himself and all others in like situation, either after demand made that the bank should bring the action and its refusal, or without demand where the persons who committed the wrongful acts continue to be directors of the corporation. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Same* v. *Same*, 99 N. Y. 185; *Same* v. *Same*, 105 N. Y. 567; *Sage* v. *Culver*, 147 N. Y. 241; *Dykman* v. *Keeney*, 154 N. Y. 483.) In such a case the purpose of the action is for the restoration, for the benefit of all concerned, of the corporate funds wasted or lost through the fault of the directors of the corporation.

The plaintiff Hanna by his complaint brought himself within the rule established by these authorities by alleging in effect that all of the present directors of the bank, with one exception, were directors of the bank at the time of the acts and misconduct which led to the suspension of the bank, and that all of the old directors were guilty of negligence and misconduct in connection with their supervision and management of the bank, and the bank was made a party defendant.

But while the plaintiff Hanna was a stockholder at the time of the commission of the acts of which he complained, he had ceased to be a stockholder at the time of the commencement of the action, and hence was without authority to maintain it. His rights as a stockholder had passed to the

subsequent purchaser of the stock, and the Appellate Division was, therefore, right in reversing the judgment as to him and dismissing the complaint.

The plaintiff Piser is a stockholder and as such has the right under the authorities we have cited to maintain an action for the purpose of securing to the bank this asset of the bank, which accrued to it by reason of the misconduct of the defendants. It is true that she was not a party to the action at the time of its commencement, but the action was brought in behalf of the plaintiff and all other stockholders in like situation who should in due time come in and seek relief by and contribute to the expenses of the action. The plaintiff Piser moved the court at Special Term that she be made a party plaintiff to the action. This motion was opposed by the defendants, but the court granted the order making her a party plaintiff, so amending the complaint as to make it contain the necessary allegations to entitle her to prove her claim upon the trial, and so amending the answer that it met the amended allegations in the complaint.

In the notice of appeal from the judgment entered in favor of the plaintiffs the defendants gave notice of their intention to bring up for review the order making Clarissa Piser a party plaintiff. The Appellate Division, however, did not reverse that order, and, hence, the order making her a party plaintiff stands; and it was accordingly error for the Appellate Division to dismiss the complaint as to her. In other respects the judgment was right and must stand.

As we think that the interests of justice will be best subserved by a new trial as to the plaintiff Piser, the judgment appealed from must be affirmed, except in so far as it dismissed the complaint as to the plaintiff Piser, and as to her the judgment must be reversed and a new trial granted, with costs to the appellant Piser to abide the final award of costs.

BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur; O'BRIEN, J., absent.

Judgment accordingly.