## VENNER v. GREAT NORTHERN RY. CO. et al.

### (Circuit Court, S. D. New York. May 16, 1907.)

**1. COURTS—EQUITABLE JURISDICTION OF FEDERAL COURTS—RULES OF SUPREME COURT.**

While the Supreme Court may not by rule or otherwise limit the jurisdiction conferred on the United States Circuit Courts by statute, it may, and must when the occasion demands, determine what cases are within the equitable jurisdiction of such courts, and may prescribe by rule the cases or classes of cases in which they will grant equitable relief, and such

rules govern in all cases, whether commenced in such courts or removed into them from state courts.

2. SAME—ADOPTION OF PRACTICE OF STATE COURTS—EQUITY CAUSES—CORPORA-
TIONS—SUITS BY STOCKHOLDER—RIGHT TO MAINTAIN IN FEDERAL COURT.

Under equity rule 94 (104 U. S. ix), a complainant, suing as a stock-
holder in a corporation on behalf of himself and other stockholders, can-
not maintain a suit in equity in a Circuit Court of the United States
against the corporation and others, founded on rights which may be prop-
erly asserted by the corporation, unless he was a shareholder at the time
of the transaction of which he complains, or his shares have devolved on
him since by operation of law; and such rule governs, although the cause
was removed from a state court in which by reason of statute or decision
such fact is not essential to the granting of equitable relief.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 902–
907½.

Jurisdiction as affected by state laws, see note to Barling v. Bank of
British North America, 1 C. C. A. 513.]

In Equity. Demurrer to amended bill of complaint on the ground that on the complainant's own showing he is not entitled, in equity, to the relief demanded, or to any relief, as to any of the matters alleged or contained in such bill of complaint.

Stephen M. Yeaman (Abram J. Rose and Alfred C. Pette, of counsel), for complainant.

Shearman & Sterling, for Great Northern Railway Company.

Simpson, Thacher & Bartlett (J. F. Workum and Millard C. Humstone, of counsel), for James J. Hill.

RAY, District Judge. The complainant, Clarence H. Venner, is a citizen and a resident of the state of New York; defendant, Great Northern Railway Company, is a corporation organized and existing under the laws of the state of Minnesota; and defendant James J. Hill is a citizen and resident of said state of Minnesota. The amount involved, exclusive of interest and costs, is upwards of $2,000. The bill of complaint alleges, in substance, that in or about November, 1900, the defendant James J. Hill, then being a director in and the president of the Great Northern Railway Company, and in acting as such, and in violation of his trust and duty as such, and to the great damage and injury of said railway company and its stockholders, did certain acts, fully stated, which, if done, created a cause of action in equity which said Great Northern Railway Company might have maintained against said Hill. The bill of complaint then alleges that about March 6, 1907, the complainant, a stockholder in said corporation, made a demand upon it, its directors and president, that this or a like action be instituted against said James J. Hill for the relief demanded in this action, and that they neglected and refused to institute such action. The bill of complaint also alleges that complainant now is, and that "on and before the date of the demand," the demand just stated, the complainant was, the owner of 300 shares of the preferred capital stock of said corporation of the par value of $100 per share and of the present market value of about $100,000. Complainant brings suit on behalf of himself and all others similarly situated, demanding that said Hill be required to account and pay over to the corporation for its benefit and the benefit, etc., of its creditors

and stockholders. The bill of complaint contains no allegation or statement that the complainant was a stockholder or shareholder in the Great Northern Railway Company at the time of the transactions complained of, or that his shares have devolved upon him since that time by operation of law. There are no allegations from which we may legally even infer that such are the facts. Hence the amended bill of complaint fails to comply with the ninety-fourth rule of equity practice (see 104 U. S. ix) promulgated January 23, 1882, and which provides:

> "Every bill brought by one or more stockholders in a corporation, against the corporation and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law; and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action."

This action was commenced in the Supreme Court of the state of New York, and removed thence to the Circuit Court of the United States. A motion to remand was denied. A motion that complainant replead was granted, and complainant did replead, but has failed to strictly comply with the order in the respect named. However, a failure to comply with that order in such respect is not ground of demurrer. The question is: Does the amended bill of complaint state facts which in the Circuit Court of the United States entitle complainant to any relief in equity, or which entitle him to maintain an action in equity against these defendants? The complainant contends that in the Supreme Court of the state of New York, where this action was originally commenced, it is unnecessary to allege or prove, in order to maintain the action on this state of facts, that complainant owned his shares at the time of the transactions of which he complains, or that they thereafter devolved upon him by operation of law; in other words, to show that he was then interested in the corporation, or that the title to shares of one who then was interested therein has devolved upon him by operation of law. He insists that, as he had a cause of action in equity in the courts of the state of New York, when and where he brought his action, he has the same equitable cause of action in the Circuit Court of the United States, and that it may here be made out and sustained upon the same allegations and proof as are sufficient there. In short, he contends that equity rule 94, above quoted, has no application to a suit in equity removed to this court from a state court. The following cases are cited to sustain the contention: Earle v. Seattle R. Co. (C. C.) 56 Fed. 909; Evans v. Union Pac. R. R. Co. (C. C.) 58 Fed. 497; Maeder v. Buffalo Bill's Wild West Co. (C. C.) 132 Fed. 280; Frothingham v. Broadway, etc., R. R. Co., 9 Civ. Proc. R. (N. Y.) 304, 314; Hanna v. Lyon, 179 N. Y. 107, 71 N. E. 778.

It seems that in New York state its courts give equitable relief to a plaintiff, shareholder, who sues in behalf of himself and all others

similarly situated to enforce a cause of action like this, which the corporation itself might enforce for its own benefit, and consequently for the benefit of its shareholders, but will not, even if such plaintiff had no interest in the corporation or in the enforcement of the cause of action at the time the wrong complained of was committed and his present interest has not devolved upon him by operation of law since. Young v. Drake, 8 Hun (N. Y.) 61–64; Frothingham v. Broadway, etc., R. R. Co., 9 Civ. Proc. R. (N. Y.) 304, 314; O'Connor v. Virginia P. & P. Co., 46 Misc. Rep. 530, 535, 92 N. Y. Supp. 525; Fitchett v. Murphy, 46 App. Div. 180, 186, 61 N. Y. Supp. 182; Sayles v. Central National Bank of Rome, 18 Misc. Rep. 155, 158, 41 N. Y. Supp. 1063; Hanna v. Lyon, 179 N. Y. 107, 71 N. E. 778.

It must be regarded as settled law in the courts of the United States that a shareholder or stockholder in a corporation cannot maintain an action in equity of the description pointed out in equity rule 94, before quoted, unless he was a shareholder at the time of the transactions of which he complains, or his shares or share have since devolved upon him by operation of law. To give the courts of the United States equitable jurisdiction, the right to give equitable relief, this fact must be pleaded and proved. If the fact does not exist, then the courts of the United States have no equitable jurisdiction of the case; that is, they will not exercise their general equitable powers and jurisdiction. Unless that fact appears, it is not a case cognizable in equity in the courts of the United States, whatever may be the rules of equity or of equity jurisdiction in the several states, or in any one of them. Hawes v. Water Co., 104 U. S. 450, 461, 26 L. Ed. 827; Dimpfel et al. v. Ohio & Miss. R. R. Co., 110 U. S. 209, 210, 211, 3 Sup. Ct. 573, 28 L. Ed. 121; Corbus v. Gold Mining Co., 187 U. S. 455, 462, 23 Sup. Ct. 157, 47 L. Ed. 256; Quincy v. Steel, 120 U. S. 241, 245, 246, 7 Sup. Ct. 520, 30 L. Ed. 624; Davis & F. M. Co. v. Los Angeles, 189 U. S. 207, 220, 23 Sup. Ct. 498, 47 L. Ed. 778; Greenwood v. Freight Co., 105 U. S. 16, 26 L. Ed. 961; Detroit v. Dean, 106 U. S. 537, 542, 1 Sup. Ct. 560, 27 L. Ed. 300; Porter v. Sabin, 149 U. S. 478, 13 Sup. Ct. 1008, 37 L. Ed. 815.

There is another line of cases in the Supreme Court of the United States holding that, where service of process in an action brought in the court of a state against a corporation of another state is made upon an officer of such corporation temporarily in such state on his own private business, the corporation having no office or agent or property in the state where such service is made and doing no business there, the state court obtains no jurisdiction of such corporation, even though the statutes of the state and its highest court pronounce and hold such service good and sufficient, and in such cases, after removal to the federal courts, the actions must be dismissed. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; D'Arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648; Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271; York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604; Wilson v. Seligman, 144 U. S. 41, 12 Sup. Ct. 541, 36 L. Ed. 338; Lafayette I. Co. v. French, 18 How. 404, 15 L. Ed. 451; St. Clair v. Cox, 106 U. S. 350, 357, 359, 1 Sup. Ct. 354,

27 L. Ed. 222; Fitzgerald Co. v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, 34 L. Ed. 608; Mexican C. R. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; In re Hohorst, 150 U. S. 653, 663, 14 Sup. Ct. 221, 37 L. Ed. 1211. There are many other cases to the same effect.

In Goldey v. Morning News, supra, at page 523 of 156 U. S., at page 561 of 15 Sup. Ct. (39 L. Ed. 517), the opinion of the court says:

"The jurisdiction of the Circuit Court of the United States depends upon the acts passed by Congress pursuant to the power conferred upon it by the Constitution of the United States, and cannot be enlarged or abridged by any statute of a state. The Legislature or the judiciary of a state can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the state into the Circuit Court of the United States, nor limit the effect of such removal. Gordon v. Longest, 16 Pet. 97, 10 L. Ed. 900; Insurance Co. v. Morse, 20 Wall. 445, 22 L. Ed. 365; Barron v. Burnside, 121 U. S. 186, 7 Sup. Ct. 931, 30 L. Ed. 915; Southern Pacific Co. v. Denton, 146 U. S. 202, 207–209, 13 Sup. Ct. 44, 36 L. Ed. 377. As was said by this court in Gordon v. Longest: 'One great object in the establishment of the courts of the United States and regulating their jurisdiction was to have a tribunal in each state presumed to be free from local influence, and to which all who were nonresidents or aliens might resort for legal redress.' 16 Pet. 104, 10 L. Ed. 900. * * * Although the suit must be actually pending in the state court before it can be removed, its removal into the Circuit Court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the Circuit Court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said circuit court.'"

These cases go to the jurisdiction of the Circuit Court of the United States over the person of the defendant, and hold that such service as has been mentioned confers no such jurisdiction, even though the statutes and decisions of the highest courts of the state say it does. In New York, for instance, such service is held good. Hiller v. B. & M. R., 70 N. Y. 223; Pope v. Terre Haute Co., 87 N. Y. 137.

By Act March 3, 1875, c. 137, § 1, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], original jurisdiction was conferred on the Circuit Courts of the United States in controversies between citizens of different states when the matter in dispute exceeded $500, but limited the jurisdiction of such Circuit Court as follows:

"Nor shall any Circuit or District Court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes, negotiable by the law merchant, and bills of exchange."

Section 2 of the same act authorized the removal of causes between citizens of different states involving that amount from the state court to the Circuit Court, but did not impose the above restriction as to assignees and assignments.

It has been twice held by the Supreme Court of the United States that the limitation on the jurisdiction of the Circuit Court imposed by the first section has no application to suits commenced in the state courts and removed to the United States Circuit Court, and that such suits could be removed and maintained provided the laws of the state

from the courts of which the removal took place recognized and sustained the cause of action. Delaware County Commissioners v. Diebold, 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674; Claflin et al. v. Commonwealth Ins. Co., 110 U. S. 81, 3 Sup. Ct. 507, 28 L. Ed. 76. See, also, language of Mr. Justice Clifford in City of Lexington v. Butler, 14 Wall. 282, 20 L. Ed. 809, and Bushnell v. Kennedy, 9 Wall. 387, 19 L. Ed. 736. These cases would seem to hold that, notwithstanding an express special limitation on the jurisdiction of the Circuit Court as to actions commenced therein, such limitation has no application to a suit commenced in a state court and removed to the Circuit Court; there being, of course, the necessary diversity of citizenship and amount in controversy to bring the case within the general jurisdiction of the Circuit Court. But this limitation on the right of a plaintiff to bring his suit in the Circuit Court is not necessarily a declaration that he has no cause of action, legal or equitable. In the first instance, it denies to that court the right to exercise jurisdiction of the case. It excepts out of the general jurisdiction conferred of a certain class of cases special cases otherwise within it. On the other hand, equity rule 94 and the cases cited seem to hold that a shareholder in a corporation has no cause of action in equity in a case like this, anywhere, unless he held his shares at the time of the transactions complained of, or they have devolved upon him by operation of law since. Jurisdiction of parties and of the subject-matter in controversy, and to determine whether a cause of action exists, is one thing, but equitable jurisdiction is quite another. Thus, the Circuit Court has jurisdiction of a controversy between parties residing in different states, if the amount involved, exclusive of interest and costs, exceeds $2,000. The jurisdiction to hear and determine this controversy is expressly conferred. So jurisdiction to hear and determine actions of ejectment may be expressly conferred on the Supreme Court of a state, and not on its county courts. In such case the county court has no jurisdiction of such a case. Equitable jurisdiction resides in the Circuit Court as a general proposition and a general power; but whether or not, in a given case, that court has "equitable jurisdiction," depends upon whether or not on general equitable principles, as established by the courts, the action in equity will lie. If not, there is no "equitable jurisdiction" of the particular case. Certain facts must exist, or there is no equitable jurisdiction of the particular case, while there is general equitable jurisdiction and power in the court. Anderson v. Carr, 65 Hun, 179, 19 N. Y. Supp. 992, 993; People v. McKane, 78 Hun, 154, 28 N. Y. Supp. 981, 985; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; People v. Sturtevant, 9 N. Y. 263, 59 Am. Dec. 536; 1 Pomeroy's Eq. Jurisprudence (3d Ed.) §§ 129, 130, 131. Says Pomeroy:

"It is important to obtain at the outset a clear and accurate notion of what is meant by the term 'equity jurisdiction.' It is used in contradistinction to 'jurisdiction' in general, and to 'common-law jurisdiction' in particular. In its most general sense the term 'jurisdiction,' when applied to a court, is the power residing in such court to determine judicially a given action, controversy, or question presented to it for decision. If this power does not exist with reference to any particular case, its determination by the court is an absolute nullity; if it does exist, the determination, however erroneous in fact

or in law, is binding upon the parties until reversed or set aside in some proceeding authorized by the practice, and brought for that express purpose. * * * 'Equity jurisdiction,' therefore, in its ordinary acceptation, as distinguished on the one side from the general power to decide matters at all, and on the other from the jurisdiction 'at law' or 'common-law jurisdiction,' is the power to hear certain kinds and classes of civil causes according to the principles of the method and procedure adopted by the court of chancery, and to decide them in accordance with the doctrines and rules of equity jurisprudence, which decision may involve either the determination of the equitable rights, estates, and interests of the parties to such causes, or the granting of equitable remedies. In order that a cause may come within the scope of the equity jurisdiction, one of two alternatives is essential; either the primary right, estate, or interest to be maintained, or the violation of which furnishes the cause of action, must be equitable rather than legal; or the remedy granted must be in its nature purely equitable, or if it be a remedy which may also be given by a court of law, it must be one which, under the facts and circumstances of the case, can only be made complete and adequate through the equitable modes of procedure. At the same time, if a 'court clothed with the equity jurisdiction as thus described should hear and decide, according to equitable methods, a case which did not fall within the scope of the equity jurisprudence, because both the primary right invaded constituting the cause of action and the remedy granted were wholly legal, and belonging properly to the domain of the law courts, such judgment, however erroneous it might be and liable to reversal, would not necessarily be null and void. * * * It is plain, from the foregoing definitions, that the question whether a given case falls within the equity jurisdiction is entirely different and should be most carefully distinguished from the question whether such case is one in which the relief peculiar to that jurisdiction should be granted, or in which the equity powers of the court should be exercised in maintaining the primary right, estate, or interest of the plaintiff. The constant tendency to confound these two subjects, so essentially different, has been productive of much confusion in the discussion of equitable doctrines. Equity jurisdiction is distinct from equity jurisprudence. One example will suffice to illustrate this important proposition. A suit to enforce the specific performance of a contract, or to reform a written instrument on the ground of mistake, must always belong to the equity jurisdiction, and to it alone, since these remedies are wholly beyond the scope of common-law methods and courts; but whether the relief of a specific performance, or of a reformation, shall be granted in any given case, must be determined by an application of the doctrines of equity jurisprudence to the special facts and circumstances of that case."

And in People v. McKane, supra, the court held:

" 'Jurisdiction,' in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power to hear and determine a cause. It is the power lawfully conferred to deal with the general subject involved in the action; it does not depend upon the ultimate existence of a good cause of action in the plaintiff in the particular case before the court, and does not relate to the rights of the parties as between each other, but to the power of the court. The question of its existence is an abstract inquiry, not involving the existence of an equity to be enforced nor the right of a plaintiff to avail himself of it if it exists. It precedes those questions, and a decision upholding the jurisdiction of the court is entirely consistent with a denial of any equity either in the plaintiff or in any one else. Jurisdiction is entirely independent of the manner of its exercise, involving the power to decide either way upon the facts presented to the court. The term 'jurisdiction,' as generally used in equity jurisprudence, imports, not the power to hear and decide, but the cases and occasions when that power will be exercised, and is to be distinguished from the use of that term in its strict meaning."

If A. sues B. for assault and battery, and asks equitable relief that B. be restrained from committing further assaults, no cause of action in equity is stated, or there is no "equitable jurisdiction" of the case,

for the reason courts of equity do not grant such relief or any relief in such cases; but if A. sues B. for cutting down his orchard trees on his farm, and asks an injunction, the court of equity will grant the relief, if B. is doing the acts alleged, as here the case is within the equitable jurisdiction of the court. That is, in this class of cases, courts of equity, on well-established, equitable principles, grant such relief. In both cases the court has jurisdiction, but not equitable jurisdiction. In the first case it dismisses the cause for the reason the facts stated do not bring the case within the "equitable jurisdiction" of the court; that is, they do not make out a case where the court gives relief. In the class of cases of which this is one, the Supreme Court of the United States has held, in the cases cited, that equitable jurisdiction will not be exercised, equitable relief will not be given, unless the complainant avers and proves that he was a shareholder in the corporation at the time of the transactions complained of, or that his shares have devolved upon him since by operation of law. That court has plainly and repeatedly said that, if such fact does not appear, no cause of action within the equitable jurisdiction of the United States court is stated. This being so, it seems to me immaterial how the case comes into that court. Congress has provided that:

"The Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid." Act March 1875, Rev. St. § 629, c. 137, cl. 1, as amended March 3, 1887, and corrected Aug. 13, 1888, 25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508].

The jurisdiction conferred in equity exists independently of state laws, and is similar to the equity jurisdiction of England. Allen v. Blunt, 1 Blatchf. 480, Fed. Cas. No. 215. While the Supreme Court of the United States may and must, when occasion demands, decide what civil cases are "at law" and what are "in equity," and in what cases equitable relief will be given, what cases are within the equitable jurisdiction and power of the court, it may not by rule or otherwise limit the jurisdiction of the Circuit Courts of the United States conferred by the acts of Congress, and say that a party litigant residing in one state may not bring his equitable action, if he has one, against a resident of another state, in the proper Circuit Court, and have it there decided. It may, however, as stated, say what cases are within the equitable jurisdiction of the court; in what cases and upon what state of facts that court may grant equitable relief. This is what the Supreme Court has done in this class of cases, and, it seems to me clear, that court has decided, repeatedly, that a complainant suing as a shareholder or stockholder has no cause of action in equity, in behalf of himself and others similarly situated, against a corporation and others, founded on rights which may properly be asserted by the corporation itself, if it would, unless he was such shareholder or stockholder in the corporation at the time of the transactions of which he

complains, or such shares have devolved upon him since by operation of law. This was decided by the Supreme Court before it promulgated rule 94. The rule was to emphasize the decision. The courts of the United States administer equity in accordance with the principles of equity jurisprudence as laid down and declared by the Supreme Court of the United States, and not as laid down and declared by the courts of the several states, and if a citizen and a corporation of the state of Minnesota have committed some act or acts of which complaint is made (not against some statute of a state), and a citizen of some other state brings suit in equity asking equitable relief, and the case is one of which the acts of Congress referred to give the Circuit Court of the United States jurisdiction, it seems to me very clear that the rights of the parties must be determined according to the rules and principles of equity jurisprudence as determined and administered in the courts of the United States.

It is not a question of enforcing the provisions of some statute of a state conferring or defining some right, but one involving the application of the principles of the common law and of equity jurisprudence which are general throughout the United States, and in applying which the courts of the United States are not bound or governed by the decisions of the state courts, but by the decisions of the Supreme Court of the United States. See 2 Foster, Fed. Practice (3d Ed.) pp. 876, 877; 49 Fed. 4, per Wheeler, J. In Burgess v. Seligman, 107 U. S. 20–33, 2 Sup. Ct. 21, 27 L. Ed. 359, the court said:

"The federal courts have an independent jurisdiction in the administration of state laws, co-ordinate with, and not subordinate to, that of the state courts, and are bound to exercise their own judgment as to the meaning and effect of those laws. The existence of two co-ordinate jurisdictions in the same territory is peculiar, and the results would be anomalous and inconvenient, but for the exercise of mutual respect and deference. Since the ordinary administration of the law is carried on by the state courts, it necessarily happens that by the course of their decisions certain rules are established which become rules of property and action in the state, and have all the effect of law, and which it would be wrong to disturb. This is especially true with regard to the law of real estate and the construction of state Constitutions and statutes. Such established rules are always regarded by the federal courts, no less than by the state courts themselves, as authoritative declarations of what the law is; but, where the law has not been thus settled, it is the right and duty of the federal courts to exercise their own judgment, as they also always do in reference to the doctrines of commercial law and general jurisprudence."

In Manhattan Life Ins. Co. v. Broughton, 109 U. S. at page 126, 3 Sup. Ct. at page 101 (27 L. Ed. 878), the court said:

"The question involved was not a question of local law, but of general jurisprudence, upon which Mrs. Ferguson, and Broughton, as her trustee, had a right to seek the independent judgment of a federal court. Railroad Co. v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627; Myrick v. Michigan Central Railroad, 107 U. S. 102, 1 Sup. Ct. 425, 27 L. Ed. 325; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 21, 27 L. Ed. 359."

It seems to me clear that the question here is one of general equity jurisprudence, where the courts of the United States are to be governed by their own independent judgment, and where the Circuit Court should follow the decision of the Supreme Court of the United States as to what the law is.

In Myrick v. Michigan Central R. R. Co., 107 U. S. at page 109, 1 Sup. Ct. at page 425 (27 L. Ed. 325), the court said, in relation to a contract of carriage and in referring to the decisions of the Supreme Court of the state of Illinois:

"Assuming that such is the purport of the decisions, they are not binding upon us. What constitutes a contract of carriage is not a question of local law, upon which the decision of a state court must control. It is a matter of general law, upon which this court will exercise its own judgment. Chicago City v. Robbins, 2 Black, 418, 17 L. Ed. 298; Railroad Company v. National Bank, 102 U. S. 14, 26 L. Ed. 61; Hough v. Railway Company, 100 U. S. 213, 25 L. Ed. 612."

It seems to me it would be a strange medley in the law, as administered by the courts of the United States, to hold in this class of cases, in administering equity, where no local law, or state statute, or state Constitution is involved, that a citizen of New York has a cause of action in equity against a Minnesota corporation and a citizen of that state cognizable and enforceable by the Circuit Court of the United States sitting in New York, if he commences his action in the state court, and it is removed to the United States Circuit Court, but that another citizen of the state of New York, on the same facts and equities, has no cause of action in equity cognizable and enforceable by the United States Circuit Court sitting in New York if such action is brought in that court in the first instance. This would make his right of action and right to relief depend, not on the facts of the case, but on the court in which he commenced his action. I do not think that is the law. Where a line of uniform decisions has been established by the highest court of a state, so they have become a local rule of property, and parties are presumed to contract with reference thereto, the courts of the United States should, and except in special cases and for special reasons do, follow them. Neves v. Scott, 13 How. 268, 271, 14 L. Ed. 140; Gaines v. Fuentes, 92 U. S. 10–20, 23 L. Ed. 524; Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, 27 L. Ed. 1006. But that is not this case. In 2 Foster, Federal Prac. (3d Ed.) pp. 876–877, it is said:

"The Revised Statutes provide that 'the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' This rule applies to condemnation proceedings and to all civil proceedings in the federal courts, except equity and admiralty cases, although they are not strictly according to the common law."

In N. Y., N. H. & H. R. Co. v. Cockroft (C. C.) 49 Fed. 3–4, Judge Wheeler said:

"By section 721 of the Revised Statutes of the United States, the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, are to be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. This seems to govern all proceedings in court, except equity and admiralty cases, although they are not strictly according to the common law, and to be applicable here."

And I wish to emphasize two facts: First, I am not pointed to any decision of the Court of Appeals of the State of New York holding

153 F.—27

a doctrine contrary to that laid down in Hawes v. Oakland, supra; and, second, in Hawes v. Oakland the Supreme Court first decided the case and enunciated the equitable doctrine and rules applicable to such a case, and then immediately adopted and promulgated the rule in equity. quoted to emphasize that decision. See Corbus v. Gold Mining Co., 187 U. S. 462, 23 Sup. Ct. 157, 47 L. Ed. 256. I think the rules laid down in that case are not local in their application, but general; that they constitute a general rule of equitable jurisprudence and equitable jurisdiction throughout the entire United States, and govern all like cases tried in the Circuit Court of the United States, whether instituted there or removed thereto from a state court. In giving equitable relief in such cases, the holdings of the Circuit Courts of the United States should be uniform, and all shareholders in corporations should stand on an equality therein. Many state courts, as those of New York, hold that a plaintiff in a negligence action must allege and prove absence of contributory negligence. In the United States Circuit Court contributory negligence is an affirmative defense, and must be alleged and proved. This is the rule where the case is removed from the state court to the circuit court. R. R. Co. v. Gladmon, 15 Wall. 401, 21 L. Ed. 114; I. & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; N. Pac. R..Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321, 31 L. Ed. 296.

The demurrer must be sustained; but defendant may answer within 30 days after being served with a copy of the order to be entered pursuant hereto.